[No. 5081.   Decided March 23, 1905.]

HANNAH O'CALLAGHAN et al., Appellants, v. TERENCE O'BRIEN, as Administrator etc., et al., Respondents.1

In the Matter of the Estate of JOHN SULLIVAN, Deceased.

Appeal from an order of the superior court for King county, Bell, J., entered March 12, 1903, refusing to vacate an order allowing $1,500 as fees to an administrator's attorney, after a hearing on the merits.   Reversed.

Piles, Donworth & Howe, for appellants.

James J. McCafferty and J. W. Robinson, for respondents.

PER CURIAM.—This appeal is from an order denying a motion to vacate an order allowing $1,500 to J. J. McCafferty, who claims to be an attorney for the estate of John Sullivan, deceased. The allowance was made direct to the attorney upon his application, without notice to any one interested in the estate, except, possibly, an oral notice to the administrator to the effect that the attorney intended to ask the court that he be paid something on account for his services.   The administrator filed a motion to vacate this order, because made without notice to any one.   Notice of this motion was given to all persons claiming to be heirs and interested in the estate.   Appellants appeared on behalf of said motion.   On March 4, 1904, the motion came on to be heard and on the following day was denied, and on March 12 the court entered another order re-allowing the said attorney McCafferty $1,500, and directing its payment immediately.   Appellants O'Callaghan and Corcoran claim to be the only heirs of John Sullivan, deceased, being first cousins, and S. H. Piles claims a one-half interest in the estate by deed from the said heirs.   Respondents move to dismiss the appeal, because the order appealed from is not a final order, and because the appellants above named are not parties aggrieved, and are not persons interested in the estate.

All the questions presented on this appeal, both on the motion and on the merits, were decided by us in In re Sullivan's Estate, 36 Wash. 217, 78 Pac. 945, which was heard on writ of review from an order identical with this, and made subsequently.   For the reasons therein stated, the order appealed from is reversed, and the lower court is directed to vacate and set aside the order allowing the attorney's fees.