[No. 23694. Department One. July 26, 1932.]

*In the Matter of the Estate of* CHARLES E. PEABODY, *Deceased.*

BRONSON, JONES & BRONSON, *Respondents*, v. ALEXANDER M. PEABODY *et al., Appellants.*[1]

[1]Reported in 13 P. (2d) 431.

*Bogle, Bogle & Gates,* for appellants Alexander M. Peabody *et al.*

*Rummens & Griffin,* for appellants Charles Macaulay Peabody *et al.*

*Bronson, Jones & Bronson,* for respondents.

TOLMAN, C. J.—This is an appeal from a judgment allowing to respondents twenty-five thousand dollars, with interest from July 1, 1929, as their fees earned as the attorneys for the executors of the estate of Charles E. Peabody, deceased.

The first error assigned questions both the power and the jurisdiction of the trial court to make the allowance. This question must be first disposed of, for if appellants' position be maintained, we need go no further.

Charles E. Peabody died in August, 1926, leaving a non-intervention will in which Harriet Lilly Macaulay Peabody was named as executrix and Alexander Marshall Peabody and Ira Bronson were named as executors, all to act jointly. This will was duly admitted to probate, the executrix and the executors were confirmed, and they at once qualified. An inventory was duly filed, and an appraisement was had fixing the value of the estate at upwards of one million dollars, which amount was afterwards raised by the state tax department for the purpose of tax in an amount exceeding forty thousand dollars. It seems to be now agreed that the present value of the estate is slightly less than $650,000, owing to the general shrinkage in values. These figures are mentioned only as explanatory of the amount allowed by the trial court.

A decree of solvency followed the appraisement of the estate, and since that time the executors have been

in possession, administering the estate without the intervention of the court in any manner or at all.

In June, 1931, respondents served and filed their petition for allowance of counsel and attorneys' fees. Shortly thereafter, by arrangement, the present counsel for the executors was personally present in court, offered suggestions as to a date when it would be convenient to have the matter heard, and perhaps suggested, or at least consented, that it would be advisable that the matter should be referred to and heard by the judge before whom the earlier proceedings in the probate of the estate were had. About that time, also, appellants' counsel agreed with respondents that expert evidence as to the value of the legal services rendered need not be offered.

Thereafter, and before the time fixed for hearing on the petition, appellants appeared by a written pleading denominated "demurrer and motion to dismiss," in which they raised the question of jurisdiction over the subject matter, and—

"The said executor and executrix, appearing specially herein as such executor and executrix, and not otherwise, move the court to dismiss said petition upon the grounds that the plaintiffs have pursued the wrong remedy and are not entitled to demand or receive the relief demanded in said petition, or any relief; that the heirs, legatees, devisees and distributees of said estate have not been given the notice required by law, or any notice, and are not before the court; and that the court has no jurisdiction to entertain said petition or to grant the relief demanded therein, or any relief."

This demurrer and motion to dismiss was by the court overruled and denied. Thereupon, respondents filed an amended petition, bringing in the legatees and devisees under the will, and appellants answered, setting up purely defensive matters and asking no relief for themselves or for the estate whatsoever, save only

that the answer concluded with a prayer for the dismissal of the petition.

It is but fair to say that the trial court, in ruling upon the special appearance by the appellants, held that the acts done and participated in by counsel for the executors before serving and filing their special appearance, as hereinbefore related, constituted a general appearance.

We can not follow that ruling. That counsel were interested in having a proper time fixed for a hearing and having that hearing before a judge familiar with the subject matter, should not foreclose their right to raise the question of jurisdiction at or before the earliest time when it could be heard and passed upon by the court, especially the question as to the jurisdiction of the subject matter. Possibly, if it were a question of jurisdiction of the person, the ruling, though severe, might be held justified; but surely jurisdiction of the subject matter, under a decision which we are about to discuss, should not be secured by entrapment.

We have long followed the rule that there is no relation between the attorney for the personal representative of a deceased person and the estate of that deceased person. The attorney may sue the personal representative for his fees, but only the personal representative may ask the court to allow such fees as an expense properly incurred by him in the course of administration. *In re Sullivan's Estate,* 36 Wash. 217, 78 Pac. 945; *O'Callaghan v. O'Brien,* 37 Wash. 696, 79 Pac. 1129.

In the more recent case of *In re Megrath's Estate,* 142 Wash. 324, 253 Pac. 455, 256 Pac. 503, is involved a condition identical with the one now before us. In that estate, there was a non-intervention will, an inventory, an appraisement and a decree of solvency.

Thereafter, the attorney who had so far acted for the executor was discharged, whereupon he filed a petition in the probate court asking that his fees be fixed and allowed. The trial court heard the matter and allowed compensation to the attorney. On an appeal from that judgment by the executor, we said:

"The present statute, using the same language as our earlier statute, says:

" 'After the probate of any such will . . . all such estates may be managed and settled without the intervention of the court.'

"This is not a limitation, but rather a grant of power to the executor. If in his judgment matters arise in the settlement of the estate requiring judicial determination, he may invoke the jurisdiction of the superior court, either in equity or in probate. But this must be of his own volition. The jurisdiction of the probate court can only be invoked by others in those cases where the statute has conferred the right. . . .

"In the present case the attorney has invoked the jurisdiction of the probate court and has attempted to force the executor into the probate court against the executor's expressed wishes. This we hold he cannot do, not being one of the persons designated by the statute upon whom this right is conferred."

Were this a question of jurisdiction of the person, as in *Matson v. Kennecott Mines Co.*, 103 Wash. 499, 175 Pac. 181, the authorities upon which that decision is based would warrant a holding that the special appearance was here sufficient, and was not waived by the prayer for a dismissal. The concurring opinion in that case by Judge Chadwick, which seems wholly logical, would warrant extending the doctrine there announced so as to hold that the mere asking for dismissal is not seeking affirmative relief, and is not a waiver of a previously preserved special appearance. But, as before pointed out, this is not a question of

jurisdiction of the person, but of jurisdiction of the subject matter alone, which, as we said in the *Megrath* case, can only be invoked by the executors.

To make this clear, let us illustrate: (a) Mr. Peabody in his lifetime made a non-intervention will, but no court then had jurisdiction of his estate. (b) Mr. Peabody died. Still no court had jurisdiction of his estate until, after his death, by proper petition setting up the jurisdictional facts, filed in the superior court of the proper county, that court, by reason of that application to it, obtained jurisdiction of the estate. (c) When the order of solvency was properly entered, the further administration of the estate was by the statute relegated exclusively to the executors, and the probate court, which had before had jurisdiction, then lost its jurisdiction of the estate. (d) Thereafter, in order for the court to regain jurisdiction of the estate, its jurisdiction must be again invoked by a proper application made by someone authorized by the statute so to do, and the attorney for the executor, having no relation to the estate and no right under the statute, can not thus invoke the court's jurisdiction of the estate.

In other words, since our statute law permits estates to be settled by executors without intervention of any court, attorneys who serve such executors deal with them as with any other client, and may sue them as any other client may be sued. The election to waive the right of trial by jury and to have the attorneys' compensation fixed by the probate court lies wholly with the executor, and until he waives his right to exclude the intervention of the court by consenting to or requesting the probate court to assume jurisdiction, he can not be again forced into that tribunal, save only as the statute specifically provides.

We find nothing in the record before us which even

remotely smacks of consent on the part of the executors to the resumption by the court of jurisdiction for the purpose of fixing these fees, and therefore the judgment appealed from is reversed, with directions to dismiss the petition.

MITCHELL, PARKER, HERMAN, and STEINERT, JJ., concur.