[No. 13128–5–II. Division Two. March 8, 1991.]

*In the Matter of the Estate of*
LYLE G. BOBBITT.

Anna M. Laurie and Sanchez, Paulson, Mitchell & Laurie, for appellant.

Frank A. Shiers and Shiers, Kamps, Chrey & Hauge, for respondent.

WORSWICK, C.J.—We are asked to decide whether, after the personal representatives have filed a declaration of completion, the superior court may reassert jurisdiction over a nonintervention probate to review the personal representatives' fees and expenses. We hold that the court may do so.

Richard and Kenneth Bobbitt, personal representatives under the nonintervention will of their father, procured an order of solvency in the usual course of the probate proceedings. In due course, they filed a declaration of completion (RCW 11.68.110), which disclosed the attorneys fees paid,[1] that the Bobbitts had each received $4,500 for services, and that Kenneth claimed reimbursement for certain expenses.

On receiving notice of the declaration of completion, two heirs filed a timely petition, pursuant to RCW 11.68.110, for court review of the fees and expenses. At the hearing, the Bobbitts contended that the court had no authority to reassume jurisdiction. The court disagreed; it readjusted

---

[1] That amount is no longer in controversy.

the fees, rejected the expense claim, and awarded the challengers attorneys fees for benefiting the estate. RCW 11.76-.070.

Relying heavily on *In re Estate of Coates,* 55 Wn.2d 250, 347 P.2d 875 (1959), the Bobbitts contend that the court may not reassume jurisdiction over a nonintervention probate after an order of solvency unless faithlessness in the estate administration can be shown. They are incorrect; the statutes upon which *Coates* was based have been changed.[2]

 Plainly, the superior court's jurisdiction over nonintervention probate proceedings depends wholly on the legislative scheme. *See In re Estate of Aaberg,* 25 Wn. App. 336, 342, 607 P.2d 1227 (1980). *In re Estate of Peabody,* 169 Wash. 65, 13 P.2d 431 (1932) explained the process with charming simplicity.

> To make this clear, let us illustrate: (a) Mr. Peabody in his lifetime made a non–intervention will, but no court then had jurisdiction of his estate. (b) Mr. Peabody died. Still no court had jurisdiction of his estate until, after his death, by proper petition setting up the jurisdictional facts, filed in the superior court of the proper county, that court, by reason of that application to it, obtained jurisdiction of the estate. (c) When the order of solvency was properly entered, the further administration of the estate was by the statute relegated exclusively to the executors, and the probate court, which had before had jurisdiction, then lost its jurisdiction of the estate. (d) *Thereafter, in order for the court to regain jurisdiction of the estate, its jurisdiction must be again invoked by a proper application made by someone authorized by the statute so to do . . ..*

(Italics ours.) *Peabody,* 169 Wash. at 70.

*In re Estate of Coates, supra,* turned on the application of former RCW 11.68.030 (Laws of 1917, ch. 156, § 92), which provided in relevant part:

> If the person named in the will *fails to execute the trust faithfully and to take care and promote the interest of all parties,* then, upon petition of a creditor of the estate, or of any of the heirs, or of any person on behalf of any minor heir, the court shall cite such person to appear before it, and *if,*

---

[2]The Bobbitts respond to the changed legislation with the novel argument that the Legislature has no authority to overrule case law. We will refrain from any comment about this assertion beyond pointing out that it is wrong.

*upon hearing of the petition it appears that the trust in such will is not faithfully discharged,* and that the parties interested, or any of them, have been or are about to be damaged by the doings of the executor, *then, in the discretion of the court, administration may be had and required as is required in the administration of estates . . ..*

(Italics ours.) Laws of 1955, ch. 205, § 7. Applying this statute, the Supreme Court held that the trial court could not reassume subject matter jurisdiction to review fees because the heirs had not made a showing of faithlessness to the estate. *Coates,* 55 Wn.2d at 260.

When *Coates* was decided, the exercise of nonintervention autonomy was limited only by the "lack of faithfulness" provision of former RCW 11.68.030. *See, e.g., In re Estate of Coffin,* 7 Wn. App. 256, 499 P.2d 223 (affirming attorney fees paid by executor in good faith), *review denied,* 81 Wn.2d 1007 (1972). In 1974, however, the Legislature changed the probate code, including sections applying to the probate of nonintervention wills. *See generally* Laws of 1974, 1st Ex. Sess., ch. 117. Although the major change was modification of former RCW 11.68.030,[3] the amendments also added two new sections: RCW 11.68.100,

---

[3]RCW 11.68.030 was modified and RCW 11.68.070 was adopted. Laws of 1974, ch. 117, § 19 (*also see* Laws of 1977, ch. 234, § 23). RCW 11.68.070 provides:

"If any personal representative who has been granted nonintervention powers *fails to execute his trust faithfully or is subject to removal for any reason specified in RCW 11.28.250* as now or hereafter amended, upon petition of any unpaid creditor of the estate who has filed a claim or any heir, devisee, legatee, or of any person on behalf of any incompetent heir, devisee, or legatee, such petition being supported by affidavit which makes a prima facie showing of cause for removal or restriction of powers, the court shall cite such personal representative to appear before it, and if, upon hearing of the petition it appears that said personal representative *has not faithfully discharged said trust or is subject to removal for any reason specified in RCW 11.28.250* as now or hereafter amended, then, in the discretion of the court the powers of the personal representative may be restricted or the personal representative may be removed and a successor appointed. In the event the court shall restrict the powers of the personal representative in any manner, it shall endorse the words 'Powers restricted' upon the original order of solvency together with the date of said endorsement, and in all such cases the cost of the citation, hearing, and reasonable attorney's fees may be awarded as the court determines." (Italics ours.)

which sets out the formal procedure for closing a nonintervention probate; and RCW 11.68.110, which applies where the personal representative forgoes the formal procedures and chooses to file a declaration of completion. RCW 11.68.110 provides jurisdiction for the heirs' challenge here. It states in relevant part:

> Subject to the requirement of notice as provided in this section, unless an heir, devisee, or legatee of a decedent petitions the court either for an order requiring the personal representative to obtain court approval of the amount of fees paid or to be paid to the personal representative, lawyers, appraisers, or accountants, or for an order requiring an accounting, or both, within thirty days from the date of filing a declaration of completion of probate, the personal representative will be automatically discharged without further order of the court . . ..

Unlike RCW 11.68.070 and its predecessor, former RCW 11.68.030, RCW 11.68.110 does not require a petitioner to demonstrate any special circumstances to invoke jurisdiction of the court to review fees.

■ The Bobbitts' argument contemplates that a probate court's jurisdiction to consider *any* challenge to the autonomy of a nonintervention executor depends on a showing of faithlessness. This limitation, however, was imposed in early cases only because of the statutes then in effect. There is no indication that the Legislature intended that RCW 11.68.110 incorporate the elements of either former RCW 11.68.030, or its current version, RCW 11.68.070. *See In re Taylor,* 105 Wn.2d 67, 711 P.2d 345 (1985) (we will not read what is not there into a clear and plain statute).

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

PETRICH and MORGAN, JJ., concur.