[No. 28807-5-I. Division One. January 19, 1993.]

*In the Matter of the Estate of*
JAMES E. MATHWIG.

EDMUND J. JONES, *Appellant,* v. CHILDREN'S HOSPITAL
OF SEATTLE, *Respondent.*

*Edmund J. Jones,* pro se; *Kathleen S. Jordan* and *Smith & Jordan,* for appellant.

*Ladd B. Leavens* and *Davis Wright Tremaine,* for respondent.

COLEMAN, J. — Edmund J. Jones appeals the Superior Court's order on his petition to establish fees, contending that the court abused its discretion in reducing his fee and erred in awarding attorney fees to Children's Hospital. Both parties seek attorney fees on appeal. We affirm.

James Mathwig died on October 18, 1988, survived by his wife and by two children from a prior marriage. Mathwig left an estate valued at $165,644.29. The estate included a farm in Eatonville worth approximately $50,000, bank accounts totaling slightly more than $100,000, and miscellaneous personal property and vehicles. By handwritten will Mathwig left 95 percent of his assets to Children's Hospital, effectively disinheriting his widow and children.

Mathwig's will was admitted to probate and, as directed in the will, Edmund J. Jones was appointed as executor. Jones was granted nonintervention powers. As executor of the estate, Jones inventoried the assets of the estate, identified creditors, paid the decedent's debts, and settled disputes between Mathwig's heirs over certain personal property. Jones asked his associate, Kathleen Jordan, to assist in administering the Eatonville farm and enlisted the aid of Children's attorneys to remove the cloud on the title to the Eatonville farm. In addition, Jones retained the firm of Sylvester Ruud Petrie & Cruzen to respond to the widow's request for a family allowance and for an award in lieu of homestead.

On August 28, 1990, having substantially completed the administration of the estate, Jones filed a petition to establish fees. In his petition, Jones requested court approval of the following attorney and executor's fees, exclusive of out-of-pocket expenses:

Attorneys' Fees
| | |
|---|---|
| Edmund J. Jones | $27,593.75 |
| Kathleen S. Jordan | 5,365.00 |
| Sylvester Ruud Petrie & Cruzen | 8,005.98 |

Executor's Fee
| | |
|---|---|
| Edmund J. Jones | 16,479.00 [1] |
| | $57,443.73 |

In support of his fee request, Jones submitted handwritten time sheets, showing that he had spent 220.75 hours in the

---

[1] The total fees requested amounted to 34.7 percent of the total estate. Taken alone, Jones' request for his own fees as attorney and executor totaled $44,072.75, or 26 percent of the gross estate.

administration of the estate. These time sheets established that at least a portion of Jones' effort had been devoted to clerical or nonlegal tasks.

Children's did not oppose the payment of fees to Sylvester Ruud Petrie & Cruzen or to Kathleen Jordan, and the court approved those fees. In addition, Children's did not question that Jones had spent the time indicated on his time sheets and did not argue that such an expenditure of time was unreasonable. Children's did object, however, to the fees requested for Jones himself, arguing that Jones should not be compensated at legal rates for nonlegal work and that the 50 percent premium for the executor's fee was unreasonable.

Following a hearing, the trial court found that the 220.75 hours recorded on Jones' time sheets was necessary to the administration of the estate, but that a substantial portion of those hours was spent in nonlegal work. Finding that $125 per hour was a reasonable rate for legal services and that $50 per hour was a reasonable rate for nonlegal services, the court reduced Jones' award for attorney fees accordingly. The court stated:

> $25,000 is a reasonable award of fees to the administrator in this matter. The basis of the award is as follows: from the total of 220.75 hours multiplied by $125/hour = $27,593.75, the Court deducts $2,593.75. That figure represents an approximation of the time spent on non-legal work by Jones (34.6 hours) multiplied by the difference between Jones' rate for legal work and the reasonable rate for non-legal work (*i.e.* a difference of $75/hour).

Finding of fact 7. In addition, the court found that Children's was entitled to attorney fees of $6,948.28 for its efforts in challenging the fee request and directed that the fee was to be awarded against Jones personally and to be offset against his $25,000 award of fees. Finally, the court denied Jones' request for an executor's fee, reasoning that no authority supports the proposition that Jones is entitled to an additional executor's fee equivalent to 50 percent of the attorney fees awarded to him. Jones appeals.

■■ We first decide whether the Superior Court abused its discretion in reducing Jones' fee. Where a will makes no

provision for the compensation of an executor, the executor "shall be allowed such compensation for his [or her] services as the court shall deem just and reasonable. . . ." RCW 11.48.210. In addition, "[a]n attorney performing services for the estate at the instance of the [executor]" shall also be compensated for fees which the court determines are "just and reasonable." RCW 11.48.210. A trial court's award of fees in probate matters is reviewed under an abuse of discretion standard. *See In re Estate of Larson*, 103 Wn.2d 517, 521, 694 P.2d 1051 (1985).

Jones objects to the Superior Court's award of fees on several grounds. First, Jones contends that the Superior Court abused its discretion in concluding that 34.6 hours of the work he performed were spent on nonlegal matters and in reducing his fee accordingly. However, an attorney is not entitled to compensation at legal rates for services which could have been performed by staff. *See Larson*, at 531.

The Superior Court found that "[a] substantial portion of the work performed by Jones was non-legal in nature and did not require the exercise of legal skill or judgment." Finding of fact 3. Out of the 220.75 hours of work performed by Jones, the court found that approximately 34.6 hours were spent on nonlegal work. Therefore, the court reduced his fee by $2,593.75, a figure representing the difference between Jones' rate for legal work and the reasonable rate for nonlegal work multiplied by an approximation of the time spent on nonlegal work. The court found the remaining award of $25,000 to be a reasonable award of fees. We find no abuse of discretion. Jones acknowledged that some of the work performed was nonlegal in nature but failed to provide any segregation. The record supports the Superior Court's finding that a substantial portion of the work did not require the exercise of legal skill and judgment, and in reducing the fee, the court acted well within its discretion.

Jones next contends that the Superior Court abused its discretion in reducing his award of fees by failing to award his requested executor's fee. Jones had requested a separate executor's fee of $16,479 based upon his status as an execu-

tor and not upon an expenditure of hours in addition to those reported on his time sheets. The fee was calculated as a 50 percent premium on his attorney fees.[2]

■ Jones argues that he was not compensated for accepting and performing the responsibilities of an executor and that he was entitled to be granted an executor's fee without the necessity of submitting time sheets in support of his request. However, Jones was compensated at the rate of $50 per hour for nonlegal work, which included activities normally conducted by an executor. In addition, Jones identified no services that he performed as executor above and beyond his work as an attorney, and he admitted that he performed virtually all of the work as the estate's attorney. Jones stated:

> [W]hat does an executor do in this type of a situation? There was no business to operate or anything like that, and the executor, once the executor hands over the rough draft of the inventory, why, the executor thereafter does nothing but sign papers handed them by the attorney.

Jones was reasonably compensated for his work as an executor within the $25,000 fee awarded by the Superior Court, and the Superior Court did not err in refusing to award Jones' requested 50 percent premium.

We next consider whether the Superior Court erred in awarding attorney fees to Children's Hospital.

The Superior Court's order on petition for fees provided "that Children's Hospital is entitled to recover from Mr. Jones a reasonable attorney's fee of $6,948.28 incurred in objecting to the proposed fee award." In addition, the court ordered that the $6,948.28 fee be deducted from the $25,000 paid from the estate to Jones.

---

[2]The proposed fee was 50 percent of the combined attorney fees requested for himself and his associate, Kathleen Jordan. To arrive at the executor's fee of $16,479, Jones calculated:

| | |
|---|---|
| Attorney fee to Jones | $27,593.75 |
| Attorney fee to Jordan | 5,365.00 |
| Total | $32,958.75 |
| Surcharge Multiple | x    .5 |
| Executor Fee | $16,479.375 |

■ First, Jones contends that the Superior Court had no authority to award fees under RCW 11.48.210, the statute under which he petitioned to establish fees. RCW 11.48.210 provides in relevant part: "If the court finds that the personal representative has failed to discharge his [or her] duties as such in any respect, it may deny him [or her] any compensation whatsoever or may reduce the compensation which would otherwise be allowed." While we agree that this particular statute does not address attorney fee awards to third parties, that does not end our inquiry. We must look to other statutes to see if such fees are authorized.

In this connection, Jones contends that the Superior Court had no authority to award attorney fees to Children's under RCW 11.76.070, the statute permitting the recovery of attorney fees to one successfully resisting erroneous reports or accounts. RCW 11.76.070 provides in relevant part:

> *If*, in any probate or guardianship proceeding, . . . *an erroneous account or report shall be rendered by any personal representative and any* beneficiary of said trust or other *interested party shall be reasonably required to employ legal counsel to resist said account or report* as rendered, *and . . . the account [or report] as rendered shall not be approved, . . . the court . . . may*, in its discretion, in addition to statutory costs, *enter judgment for reasonable attorney's fees in favor of the person or persons instituting said proceedings and against said personal representative*[.]

(Italics ours.) RCW 11.76.070. Jones' petition to establish fees amounted to a report rendered by a personal representative, thus bringing Jones' petition within the ambit of RCW 11.76.070. Jones' petition in part was an erroneous report, in that it requested legal-rate fees for nonlegal work and requested a 50 percent premium for Jones' status as an executor. Thus, because the facts support a finding that Jones' petition to establish fees amounted to an erroneous report, which was resisted by an interested party, *i.e.*, Children's Hospital, the Superior Court did not err in awarding

attorney fees against Jones and in favor of Children's, the successful challenger.

Jones also argues in his reply brief that the Superior Court had no authority to award attorney fees to Children's pursuant to RCW 11.96.140, which specifically provides: "Either *the superior court* or the court on appeal, *may,* in its discretion, *order costs, including attorneys fees, to be paid by any party* to the proceedings or out of the assets of the estate, as justice may require." (Italics ours.) Citing RCW 4.84.010 and RCW 4.84.080,[3] Jones argues that the phrase "including attorneys fees" modifies the statutory term "costs" and that RCW 11.96.140 therefore only authorizes statutory attorney fees. However, "[s]tatutes should be construed so that no language is superfluous", *Ski Acres, Inc. v. Kittitas Cy.*, 118 Wn.2d 852, 860, 827 P.2d 1000 (1992), and this interpretation renders the "including attorney fees" provision superfluous inasmuch as the term "costs" already includes statutory attorney fees pursuant to RCW 4.84.010(6) and RCW 4.84-.080(1). The more logical interpretation is that the Legislature, by including specific language relating to attorney fees, intended that language to encompass actual attorney fees. Thus, we conclude that RCW 11.96.140 provides an additional statutory basis for the award of attorney fees to Children's.

Finally, Jones contends that the Superior Court erred in awarding attorney fees to Children's and against Jones personally. However, as noted, *supra*, RCW 11.96.140 clearly authorizes the court to award fees against any party to the proceeding. In light of our analysis of RCW 11.96.140, it is unnecessary to address Jones' contention that fees were erroneously awarded against him personally.

---

[3]RCW 4.84.010(6) provides that costs include statutory attorney fee, and RCW 4.84.080(1) provides that "costs to be called the attorney fees, shall be . . . one hundred twenty-five dollars."

Pursuant to RCW 11.96.140, we award Children's its attorney fees on appeal subject to compliance with RAP 18.1. The order of the Superior Court is affirmed.

FORREST and KENNEDY, JJ., concur.

Reconsideration denied February 23, 1993.

Review denied at 121 Wn.2d 1030 (1993).