[No. 17473-5-III.   Division Three.   June 15, 1999.]

*In the Matter of the Estate of* KENNETH C. ARDELL.

*Schwabe, Williamson & Wyatt,* by *Sigurd B. Borgersen* and *James C. Hanken,* for appellant.

*Schultheis & Tabler,* by *Michael R. Tabler,* for respondent.

SCHULTHEIS, C.J. — Kenneth Ardell's Last Will and Testament entrusted the disposition of his estate to William Chatham as personal representative with unrestricted nonintervention powers. Seven and one-half years after the will was admitted to probate, one of the estate's beneficiaries filed a petition for orders revoking Mr. Chatham's letters testamentary, revoking his nonintervention powers, removing him as personal representative and compelling an accounting. Mr. Chatham filed a declaration of completion of probate the day before the hearing on the petition. The declaration stated Mr. Chatham had completed administration of the estate and signified he and his attorneys were to receive about $960,000 in fees. The trial court granted all the orders in the beneficiary's petition, appointed an attorney as successor personal representative and ordered return of any fees paid to Mr. Chatham or his attorneys. On appeal, Mr. Chatham challenges the trial court's jurisdiction to administer the estate and to remove him as personal representative. We reverse and remand for an evidentiary hearing on the issue of fees.

### FACTS

Mr. Ardell died in 1990, leaving a sizable estate. His will was admitted to probate in August 1990. By the terms of the will, Mr. Ardell's two daughters were to receive no distribution from the estate because they had each accepted $350,000 before his death. Mr. Ardell also devised a condominium to good friend Marina Romary. The remainder of the estate—nearly $9,000,000—was bequeathed to his friend and accountant, Mr. Chatham, as personal representative and trustee. In that capacity, Mr. Chatham was authorized to distribute the residue of the estate with unrestricted nonintervention powers.

In late 1990, Mr. Ardell's daughters filed petitions to

interpret or invalidate the will. The daughters and the estate reached a settlement in September 1991, which the court approved in October 1991. In part, the settlement provided that the estate would distribute to each daughter an additional sum of $100,000 in cash, $100,000 in cash to each daughter's children, and $550,000 in trust to each daughter with the remainder to their children. Mr. Chatham retained control over what remained of the estate, provided he did not exercise his powers to benefit himself. In a section entitled "Attorney's fees and costs" the settlement agreement provided that each party would be responsible for their respective attorneys' fees, except that the daughters' attorneys' fees of $350,000 would be paid by the estate. The section then provided for the other parties' fees as follows:

> Attorneys for the Settling Parties shall file a joint petition seeking court approval of the aforesaid as a cost of administration. Said law firm [for the daughters] shall provide justification for those fees in affidavit form, which shall be delivered to the Estate's counsel in sufficient time that the matter may be noted for consideration at the hearing on final court approval of this Settlement Agreement. *The attorney's fees and costs incurred by the Executor on behalf of the Estate shall be paid as costs of administration upon application and approval of the Court.* The attorney's fees and costs incurred by Marina J. Romary shall be paid by the Estate upon application to the Court and to the extent they are approved by the Court as a cost of administration.

(Emphasis added.) Each party agreed to release the others for all claims now or in the future arising out of the facts that were the subjects of the litigation. The daughters, Ms. Romary and their attorneys received the amounts due under the settlement. They do not claim they are entitled to more from the estate.

In September 1992, Mr. Chatham filed a motion for court approval of a $325,000 payment to him for "interim fees" and about $250,000 for the attorneys hired by the estate to defend the will. The superior court judge responded by let-

ter that he was unwilling to authorize these fees on the basis of an ex parte application. Among its concerns, the court noted

> [t]he fee requested by the P.R. is, on its face, shocking. The fee requested amounts to a salary in excess of $13,500 per month; that is hard to justify even if he devoted 100% of his professional life to this probate since the moment of his appointment.

The judge also expressed doubt that the attorney fees were all justified. He advised Mr. Chatham and the attorneys to appear before him and present testimony justifying the fees. By letter received in mid-October 1992, Mr. Chatham's attorney stated he had reviewed the motion for fees and had decided, considering probate was "far from being complete," to withdraw the motion and to revisit the issues when probate was completed.

Three and one-half years later, when no further court action or communication had occurred, the judge again wrote to Mr. Chatham's attorney and asked to be advised of the probate's current status. Neither Mr. Chatham nor his attorney responded to the judge's request.

Nearly two years later, in February 1998, Ms. Romary filed a petition under RCW 11.68.070 seeking revocation of Mr. Chatham's letters testamentary and his nonintervention powers, removal of him as personal representative and an accounting. She claimed Mr. Chatham had not filed annual accountings, had filed nothing regarding the settlement of inheritance and federal estate taxes and had failed to establish a trust or to account for about $6,000,000 in estate assets. The court scheduled a show cause hearing for March 20, 1998.

On March 12, Mr. Chatham filed articles of incorporation for a nonprofit corporation entitled the Kenneth Ardell Foundation. The purpose of the foundation is to foster the education and agricultural pursuits of Grant County youth. Mr. Chatham is named as the initial director and agent. He transferred $387,000 in cash and real estate valued at

$455,000 from the estate to the foundation. He then filed a declaration of completion of probate on March 19, 1998, one day before the show cause hearing. The declaration stated all distributions, payments to creditors and taxes had been paid. It also declared the "fees paid or to be paid" for services to the estate include $325,000 to the personal representative, $614,568 to attorneys and $15,000 to accountants. Mr. Chatham added, "The Personal Representative believes said fees to be reasonable and does not intend to obtain Court approval of the amount of said fees or to submit an estate accounting to the Court for approval." He also filed a motion to strike Ms. Romary's petition on the grounds that she had no standing to request an accounting, she was contractually barred from making a claim against him, and she failed to set forth a prima facie case for his removal.

After the telephonic show cause hearing on March 20, the judge granted all Ms. Romary's motions and appointed attorney Michael Tabler as successor personal representative. The grounds for removing Mr. Chatham as personal representative included (1) his failure to respond to the judge's September 1992 inquiries; (2) his failure to respond to the judge's April 1996 inquiries; and (3) the appearance that he wrongfully neglected the estate in failing to distribute assets, to provide an accounting and to take any action of record for over five years. He was ordered to prepare a summary of tasks performed for the estate and attendant fees and to return any fees paid to him or the estate's attorneys or accountants. Mr. Chatham's motion for reconsideration was denied. The order denying the motion adds as additional grounds for removing Mr. Chatham "his payment of personal representative and attorney's fees in violation of RCW 11.48.210, SPR [Special Proceedings Rule] 98.12W and the Court's September 28, 1992 denial of his Motion for Approval of Personal Representative and Attorney's Fees."

Although first petitioned for discretionary review, this court accepted Mr. Chatham's appeal as a matter of right.

In response to an emergency motion for a stay of the trial court's orders, the commissioner of this court granted a stay pending appeal on the condition that Mr. Chatham post a bond set by the trial court and that Mr. Tabler, the successor personal representative, be authorized to represent the interests of the estate. The superior court set a supersedeas bond of $200,000, which was challenged by Mr. Chatham. In a September 1998 ruling, the commissioner denied his motion for review of the bond amount, noting that the trial court would have waived the bond if Mr. Chatham had agreed to deliver the requested estate documents and records to Mr. Tabler. About a month after filing his appellant's brief, Mr. Chatham filed a motion on the merits to reverse pursuant to RAP 18.14. The motion was set with this appeal for consideration by the panel.

DISCUSSION

Mr. Chatham contends on appeal the trial court did not have jurisdiction or authority to remove him as personal representative or to require him to account for all fees. He argues the court lost jurisdiction over this nonintervention probate when the 1990 order of solvency was entered and insists jurisdiction was never regained.

I. Declaration of completion of probate. We first dispense with Mr. Chatham's argument that his filing of the declaration of completion of probate the day before the show cause hearing effectively closed the estate, discharged his duties as personal representative and divested the court of jurisdiction. Under RCW 11.68.110, a nonintervention estate is closed and the personal representative discharged automatically upon the filing of the declaration of completion *unless* an heir, devisee or legatee has petitioned the court to approve the fees or for an accounting. Ms. Romary filed her petition before the declaration of completion had been filed, effectively delaying the effect of the declaration until the court resolved the issue she properly raised. RCW 11.68.110. Additionally, the trial court may reassert jurisdiction over a nonintervention estate after the filing of the

declaration of completion in order to review the personal representative's fees under RCW 11.68.070. *In re Estate of Bobbitt*, 60 Wn. App. 630, 631-34, 806 P.2d 254 (1991). Mr. Chatham's last-minute attempt to avoid court intervention was inadequate to defeat the court's jurisdiction, assuming such jurisdiction had been properly obtained.

■ II. Jurisdiction over the issue of fees. Statutory provisions strictly limit the superior court's jurisdiction over nonintervention probate proceedings. *Bobbitt*, 60 Wn. App. at 632; former RCW 11.68.010 (1990). The classic illustration of the legislative scheme is set out in *In re Estate of Peabody*, 169 Wash. 65, 70, 13 P.2d 431 (1932):

> (a) Mr. Peabody in his lifetime made a non-intervention will, but no court then had jurisdiction of his estate. (b) Mr. Peabody died. Still no court had jurisdiction of his estate until, after his death, by proper petition setting up the jurisdictional facts, filed in the superior court of the proper county, that court, by reason of that application to it, obtained jurisdiction of the estate. (c) When the order of solvency was properly entered, the further administration of the estate was by the statute relegated exclusively to the executors, and the probate court, which had before had jurisdiction, then lost its jurisdiction of the estate. (d) Thereafter, in order for the court to regain jurisdiction of the estate, its jurisdiction must be again invoked by a proper application made by someone authorized by the statute so to do . . . .

Mr. Chatham procured an order of solvency in August 1990. Thereafter, the superior court lost jurisdiction over the probate proceedings unless Mr. Chatham invoked the court's jurisdiction himself or another person authorized by statute petitioned the court to examine the administration of the estate. *In re Estate of Hookom*, 52 Wn. App. 800, 803, 764 P.2d 1001 (1988).

■ Consequently, our first question is whether Mr. Chatham subjected the probate proceedings to the superior court's jurisdiction. Once an order of solvency is entered and the court has granted nonintervention powers, the personal representative is entitled to administer and close

an estate without further court intervention or supervision. Former RCW 11.68.010 (1990); former RCW 11.68-.040(2)(c) (1990). Generally, the nonintervention personal representative does not waive his nonintervention powers or invoke the court's jurisdiction merely by petitioning for an order or decree during the administration of the estate. RCW 11.68.120. Mr. Chatham argues his 1992 petition for approval of "interim" fees, later withdrawn, did not subject the estate to the superior court's jurisdiction. Unlike petitions for orders regarding the settling of estate affairs, however, applications for approval or setting of fees generally invest the court with jurisdiction over that issue. *In re Estate of Coates*, 55 Wn.2d 250, 258, 347 P.2d 875 (1959); *In re Estate of Megrath*, 142 Wash. 324, 328, 253 P. 455, 256 P. 503 (1927).

Mr. Chatham also invoked the court's jurisdiction as far back as 1991, when he agreed in the settlement to obtain court approval of the attorney fees and costs incurred on behalf of the estate. According to Mr. Tabler, by these terms Mr. Chatham invoked the court's jurisdiction over all fees incurred during probate. On the contrary, it appears clear the parties intended the court to approve only those fees incurred in reaching the settlement agreement. Even so, Mr. Chatham never sought such approval. We reasonably assume the "interim" fees in the 1992 petition included substantial remuneration for the settlement negotiations. Accordingly, the settlement agreement and the petition for approval of fees together indicate Mr. Chatham invoked the jurisdiction of the superior court over the limited issue of fees. *See Coates*, 55 Wn.2d at 258 (the voluntary submission of a single issue by a nonintervention executor does not invest the court with jurisdiction over the subject matter of the entire estate).

■ The fact that Mr. Chatham withdrew the 1992 petition when the court expressed dissatisfaction with the amount of the fees indicates he decided trial court jurisdiction was undesirable. May nonintervention powers, once waived, be reasserted in this manner? Neither the statutes

nor case law gives us an answer. Under the facts of this case, however, we find that the trial court's jurisdiction was ongoing as long as the court was investigating the issue of fees and possible misconduct by the personal representative. The superior court judge reacted with concern in 1992 when Mr. Chatham requested approximately $600,000 in fees to himself and the estate attorneys. Finding the fees "shocking," the judge advised Mr. Chatham and the attorneys to appear before him and present testimony justifying them. Once jurisdiction was established over the issue of fees and the court directed Mr. Chatham to set a hearing to determine the reasonableness of those fees, jurisdiction was established and could not be revoked unilaterally.

We next ask whether jurisdiction was invoked by any other authorized person. In 1998, Ms. Romary filed a petition seeking removal of Mr. Chatham as personal representative. Mr. Chatham contends Ms. Romary did not have standing to petition under RCW 11.68.070 because neither she nor any other heir, devisee or legatee was an interested party. On the contrary, RCW 11.68.070 authorizes "any heir, devisee, legatee, or . . . any person on behalf of any incompetent heir, devisee, or legatee" to petition the court for removal of a nonintervention personal representative. Earlier versions of the statute limited the authorized petitioners to "parties interested" who "have been or are about to be damaged by such actual doings of the executor[.]" *Megrath,* 142 Wash. at 327. The current statute, adopted by LAWS OF 1974, Ex. Sess., ch. 117, § 19, allows *any* heir, devisee or legatee to file a petition, supported by an affidavit making a prima facie case for removal of the personal representative or for restriction of his or her powers.

III. Removal of the personal representative. Having established that the court had jurisdiction over the issue of fees and Ms. Romary had standing to petition for Mr. Chatham's removal as personal representative, we next ask whether Ms. Romary presented a prima facie case for removal and whether the court's grounds for removal were

valid. Under RCW 11.68.070, the trial court has discretion to remove a personal representative who has nonintervention powers if the personal representative fails to execute his or her trust faithfully or is subject to removal for any reason specified in RCW 11.28.250. *In re Estate of Beard*, 60 Wn.2d 127, 132, 372 P.2d 530 (1962); *In re Estates of Aaberg*, 25 Wn. App. 336, 339, 607 P.2d 1227 (1980). RCW 11.28.250 authorizes the court to revoke testamentary letters if it has reason to believe the personal representative wasted, embezzled or mismanaged estate property, or if the court finds for other reason such action is necessary. *Aaberg*, 25 Wn. App. at 339. The trial court has broad discretion to remove an executor, but its grounds must be valid and supported by the record. *Id.* (citing *Beard*, 60 Wn.2d 127). If any one of the court's reasons for removal is valid, the court's decision will not be disturbed on appeal. *Id.*

In Ms. Romary's petition to remove Mr. Chatham as personal representative, she claimed he neglected his duties by failing to (1) file annual accountings or settlement of taxes, (2) establish a trust as directed by the will, and (3) account for $6,000,000 in estate assets. First, we note that Mr. Ardell's will does not limit the time or methods employed by the personal representative in distributing the residue of the estate, and neither the will nor the nonintervention statutes required Mr. Chatham to provide an accounting or to otherwise seek approval from the trial court. RCW 11.68.090. Second, the will does not direct Mr. Chatham to establish a trust, but merely authorizes him to establish any trusts that he "finds necessary[.]" Only Ms. Romary's last allegation, with its inference of mismanagement or waste, raises an issue for removal under RCW 11.68.070.

The trial court removed Mr. Chatham as personal representative and revoked his nonintervention powers on the basis of the following findings: Mr. Chatham failed to respond to the court's inquiries into fees in 1992 and 1996 and neglected the estate by (1) failing to distribute assets,

(2) failing to provide an accounting, and (3) taking no action of record for over five years. An additional finding in the order on the motion for reconsideration cites Mr. Chatham's payment of personal representative and attorney fees in violation of RCW 11.48.210, SPR 98.12W and the court's 1992 order denying his motion for approval of fees. As discussed above, Mr. Chatham violated no statute or the will in failing to file annual accountings or to distribute the assets within a proscribed period of time. We are left, then, with the issue of fees as the basis for the revocation of Mr. Chatham's nonintervention powers.

■ Neither the will nor the applicable statutes require court approval of fees. RCW 11.48.210—cited by the trial court here—provides that a personal representative "shall be allowed such compensation for his services as the court shall deem just and reasonable." The statute adds that "[i]f the court finds that the personal representative has failed to discharge his duties . . . in any respect, it may deny him any compensation whatsoever or may reduce the compensation which would otherwise be allowed." RCW 11.48.210. With nonintervention estates, however, the court's involvement in the question of the reasonableness of fees under RCW 11.48.210 arises only when the personal representative has petitioned for the court's approval or when the court acquires jurisdiction over the matter, such as under RCW 11.68.070.[1] *See, e.g., In re Estate of Mathwig*, 68 Wn. App. 472, 474-76, 843 P.2d 1112 (personal representative petitioned for approval of fees), *review denied*, 121 Wn.2d 1030 (1993).

■ A finding of excessive fees may indicate the personal representative failed to execute his or her trust faithfully

---

[1]*Aaberg*, 25 Wn. App. at 344, held that RCW 11.48.210 does not apply to nonintervention estates. The court reasoned that by removing the personal representative and appointing a successor, the probate court lost its temporary jurisdiction over the estate. Any later challenge to the previous executor's fees would have to be litigated in a forum other than the probate court. *Id.* at 343-44. Where, as here, however, the court gains jurisdiction over the issue of fees, application of RCW 11.48.210 is appropriate to set compensation. *See, e.g., In re Estate of Mathwig*, 68 Wn. App. 472, 843 P.2d 1112, *review denied*, 121 Wn.2d 1030 (1993).

under RCW 11.68.070, authorizing removal or restriction of the nonintervention powers and denial or reduction of compensation. *Coates*, 55 Wn.2d at 259-60. Here, the trial court found that Mr. Chatham did not respond to a 1992 court request for evidence to support the fees and that he paid the fees in violation of RCW 11.48.210 and SPR 98.12W.[2] We cannot elicit from these findings that Mr. Chatham failed to execute his trust faithfully or wasted, embezzled or mismanaged the estate, justifying his removal as personal representative and forfeiture of his fee. As discussed above, RCW 11.48.210 provides that a personal representative will be compensated as much as the court deems "just and reasonable[.]" If the court had found the fees excessive or that Mr. Chatham's refusal to account for them indicated he failed to execute his trust faithfully (RCW 11.68.070) or failed to discharge his duties (RCW 11.48.210), removal of Mr. Chatham as personal representative and reduction of his compensation might have been justified. Without such findings or a record to support them, the judgment cannot stand.

## CONCLUSION

As stated in *Aaberg*, 25 Wn. App. at 340, "Despite any disagreement we may have with the trial court's decision, our only query on appeal is whether that decision is so arbitrary as to amount to an abuse of discretion." Because the findings simply do not support the removal of the personal representative for the reasons allowed by RCW 11.68.070, RCW 11.28.250 or RCW 11.48.210, the court's decision was arbitrary. On this basis, we reverse and dismiss the order removing the personal representative and appointing the successor. In response to the allegations raised by Ms. Romary in her petition, Mr. Chatham requested an evidentiary hearing to justify the fees incurred

---

[2]SPR 98.12W is a procedural special proceedings rule that requires the personal representative who applies for compensation to give notice to all interested parties of the amount of compensation claimed. Mr. Chatham gave such notice when he filed the declaration of completion of probate.

in administering the estate. We find that issues of fact remain regarding the reasonableness of these fees. Consequently, we additionally find that the court abused its discretion in disallowing an evidentiary hearing pursuant to RCW 11.96.070 and RCW 11.96.130, and we remand for this purpose. Mr. Chatham's motion on the merits is denied.

Reversed and remanded.

SWEENEY and KATO, JJ., concur.

Review denied at 139 Wn.2d 1011 (1999).