[No. 24200-5-III.   Division Three.   July 12, 2007.]

*In the Matter of the Estate of* MAURICE G. HITCHCOCK.

---

*Russell J. Mazzola*, for appellant.

*Linda A. Sellers* (of *Velikanje Haverson, PC*), for respondent.

¶1 Kᴜʟɪᴋ, J.— Maurice Hitchcock died in 1984 and was survived by his wife, Kathleen, and their five children,

including Gregory Hitchcock's father, Samuel. Maurice's will contained a testamentary trust for the benefit of Kathleen and Maurice's surviving descendants. The will provided that, at Kathleen's death, the remainder of the trust was to be divided into equal funds: one fund for each surviving child and one fund for the surviving descendents of any deceased child.

¶2 Samuel predeceased Kathleen. With respect to Samuel's share, one-half of the fund was to be paid outright and one-half was to be placed in a trust for his wife and children, except Lisa. Gregory maintains that he has not received any disbursements since Kathleen's death in 1999. In 2003, Gregory filed a petition for statement of account and a petition to remove his uncles as personal representatives. The court denied both petitions and granted summary judgment in favor of the Estate. Because the waiver language in the will did not relieve the personal representatives/trustees from the application of RCW 11.106.040, we reverse the court's decision denying Gregory's petition for statement of account. Because Gregory lacks standing to file a petition to remove the personal representatives, we affirm the court's decision denying Gregory's petition.

FACTS

¶3 Maurice Hitchcock died on May 7, 1984, and was survived by his wife, Kathleen, and their five children: Richard Hitchcock, Samuel Hitchcock, Kathleen Hitchcock, Robert Hitchcock, and Maureen Hitchcock Krogh. Maurice's will was admitted to probate in Yakima County.

¶4 In his will, Maurice appointed his sons Richard and Robert (personal representatives/trustees) as the personal representatives of the estate and the trustees for the trusts established under the will. The will granted Richard and Robert nonintervention powers, and the court entered an order to this effect. In his supplemental declaration, Gary L. Beamer, an accountant, stated that the community

estate was valued at $7,641,317 five weeks prior to Maurice's death.

¶5 Maurice's will created a testamentary trust for the benefit of his wife, Kathleen, and for his children. One of the sons, Samuel, died in September 1996. Kathleen died in January 1999. Upon Kathleen's death, the remainder of the testamentary trust created in the will was to be divided into equal funds. One fund was given to each surviving child, and one fund was given to the surviving descendants of any deceased child. When Kathleen died, Samuel was the only deceased child. Gregory, the appellant here, is Samuel's son.

¶6 Under Maurice's Will, Samuel's fund was divided, with one-half going to Samuel outright and one-half to the Samuel G. Hitchcock Trust. The trust provided for discretionary distributions of income for Samuel and his wife, and for the education of their children, except Lisa. The will also placed Maurice's one-half interest in a residence in the trust for Samuel's benefit.

¶7 In his declaration dated January 10, 2005, Gregory Hitchcock stated that he had not been contacted by the personal representatives/trustees and that he had not received funds for his family's care, maintenance, or education.

¶8 Gregory filed two petitions. One petition sought an order directing the co-personal representatives to file a verified report of affairs of the estate, and the other petition sought to remove the co-personal representatives. In response to the petition for statement of account, the personal representatives/trustees provided materials they contend are annual statements of account for the years 1999 to 2003. The personal representatives/trustees filed motions for summary judgment. The court denied Gregory's petitions and granted the motions for summary judgment. He appeals.

## ANALYSIS

### *Petition for Statement of Account*

■ ¶9  Gregory filed a petition for statement of account, seeking an accounting of the trust pursuant to RCW 11.106.040. In his petition, Gregory asserts that the personal representatives/trustees did not provide him with an annual itemized statement of income and disbursements. The trial court dismissed Gregory's petition based on the waiver granted in the will.

¶10  The waiver provision in the will, paragraph VIII C, reads as follows:

> (3) *The trustees shall render annual statements of account* to the adult beneficiary or beneficiaries hereof (or to the legal guardian of the estate of each beneficiary hereof under legal disability) then currently receiving payments hereunder. *The trustees, to the extent permitted by law, shall be relieved from compliance with the obligation of any and all trustees' accounting statutes* now or hereafter in effect in the State of Washington or in any other jurisdiction wherein this trust operates, provided, however, that the trustees, at their option, may invoke such statute or statutes at any time.

Clerk's Papers (CP) at 256.

¶11  The first sentence of the waiver provisions requires the personal representatives/trustees to render statements of account to beneficiaries receiving payments. Under the second sentence, the personal representatives/trustees are relieved from compliance with Washington's trustees' accounting act, chapter 11.106 RCW.

¶12  Under the trustees' accounting act, RCW 11.106-.020[1] requires trustees to mail or deliver itemized state-

---

[1] RCW 11.106.020 reads as follows:

The trustee or trustees appointed by any will, deed, or agreement executed shall mail or deliver at least annually to each adult income trust beneficiary a written itemized statement of all current receipts and disbursements made by the trustee of the funds of the trust both principal and income, and upon the

ments to each adult beneficiary on an annual basis. RCW 11.106.040 allows a settlor or a beneficiary of that trust to file a petition with superior court requesting that the trustee file an account with the court.

¶13 RCW 11.97.010 allows any trustor to include provisions in the trust that relieve the trustee from any or all the duties imposed by RCW 11.106.020, and from provisions of the probate statutes and the principal and income act, chapter 11.104A RCW. Significantly, while RCW 11.97.010 allows any trustor to include provisions in the trust that relieve the trustee from compliance with RCW 11.106.020, RCW 11.97.010 does not list any other provisions of the trustees' accounting act, chapter 11.106 RCW, including RCW 11.106.040.

¶14 Significantly, RCW 11.106.040 states:

> At any time after the later of one year from the inception of the trust or one year after the day on which a report was last filed, any settlor or beneficiary of a trust may file a petition under RCW 11.96A.080 with the superior court in the county where the trustee or one of the trustees resides asking the court to direct the trustee or trustees to file in the court an account. At the hearing on such petition the court may order the trustee to file an account for good cause shown.

¶15 Gregory may proceed under RCW 11.106.040 when seeking a statement of accounts from the personal representatives/trustees. The waiver provisions in the will do not affect the application of RCW 11.106.040 because this provision is not included in the list contained in RCW 11.97.010. Consequently, this matter must be remanded to superior court.

¶16 The personal representatives/trustees contend that Gregory cannot proceed under RCW 11.106.040 because he cannot show good cause. This is a matter for the trial court to resolve. The personal representatives/trustees

request of any such beneficiary shall furnish the beneficiary an itemized statement of all property then held by that trustee, and may also file any such statement in the superior court of the county in which the trustee or one of the trustees resides.

also contend that Gregory is entitled to a statement of account only for the years 1999 to 2003 and that Gregory has already received this information. These matters may also be addressed on remand.

### Petition To Remove the Personal Representatives

■ ■ ¶17 Under RCW 11.68.070, only heirs, devisees, legatees, or creditors of an estate have the right to file a petition to remove or restrict a personal representative's nonintervention powers.

¶18 A "devisee" is defined as "[a] recipient of property by will." BLACK'S LAW DICTIONARY 484 (8th ed. 2004). A "legatee" is "[o]ne who is named in a will to take personal property; one who has received a legacy or bequest." *Id.* at 916. Gregory did not receive real or personal property under the will. He is not a devisee, a legatee, or a creditor for purposes of RCW 11.68.070.

¶19 An heir is any person who is entitled by law to receive the decedent's real or personal property if the decedent died intestate. RCW 11.02.005(6). Under RCW 11.04.015, the persons entitled to receive portions of the Hitchcock Estate if Maurice died intestate were his wife and his five children. RCW 11.02.005 reads as follows:

> (6) "Heirs" denotes those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the real and personal property of a decedent *on the decedent's death intestate.*

(Emphasis added.)

¶20 Gregory is not an heir under the statutory definition. At the time of Maurice's death, all five of his children were alive, including Gregory's father, Samuel. Hence, Maurice's heirs were his wife and his five children. Gregory is not an heir, but he is a beneficiary of the trust.

¶21 Gregory relies on *In re Estate of Little*, 127 Wn. App. 915, 113 P.3d 505 (2005), *review denied*, 156 Wn.2d 1019 (2006), and *In re Estate of Ardell*, 96 Wn. App. 708, 980 P.2d 771 (1999). Mr. Little died and was survived by nieces and

nephews, but his will gave all of his property to an acquaintance. The court properly concluded that the nieces and nephews were also heirs. *Little*, 127 Wn. App. at 917. In *Ardell*, Mr. Ardell's will left his estate to friends and did not name his daughters. The court concluded that one of the daughters, as an heir, could petition the court for removal. *Ardell*, 96 Wn. App. at 717. These cases hurt, rather than help, Gregory's argument because the courts either applied or assumed the definition of "heir" contained in RCW 11.02.005(6).

¶22 The trial court did not err by dismissing Gregory's petition to remove the personal representatives/trustees. Gregory lacks standing to file a petition to remove the personal representatives/trustees.

### *Attorney Fees*

■ ¶23 The personal representatives/trustees request an award of attorney fees pursuant to RCW 11.96A.150(1)(a). Gregory also requests an award of attorney fees. Under RCW 11.96A.150(1), the court may make the award in the amount the court determines to be equitable. We deny the request made by the personal representatives/trustees. And we remand the question of Gregory's request for fees to the trial court.

¶24 In summary, we reverse the court's decision on the petition for statement of account and affirm the court's decision on the petition for removal of the personal representatives/trustees. We remand Gregory's request for attorney fees and deny the personal representatives'/trustees' request for attorney fees.

SWEENEY, C.J., and KATO, J. PRO TEM., concur.