FILED
COURT OF APPEALS
DIVISION II

2015 JAN -6 AM 9: 35

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In the Matter of the Estate of

MICHAEL K. HARDER.

PHILLIP HARDER, as Personal
Representative of the estate of MICHAEL K.
HARDER, deceased.

Respondent,

v.

CHRISTOPHER and DAVID HARDER,

Appellants.

No. 45098-4-II

PUBLISHED OPINION

SUTTON, J. — Christopher (Chris) and David Harder,[1] two of four heirs[2] of the estate of

Michael K. Harder, appeal the superior court's finding that it lacked jurisdiction to hear the issue

of the reasonableness of the personal representative Phillip Harder's fees in the settlement of their

father's estate because none of the heirs properly invoked the superior court's jurisdiction within

the required time limit. Chris and David argue that their notice to mediate was the equivalent of a

petition for accounting under the probate statute, RCW 11.68.110. We affirm.

---

[1] We will use first names to refer to the Harder family members, including Phillip Harder, for
clarity; we mean no disrespect.

[2] Michael J. Harder and Janet Harder are not parties to this appeal.

No. 45098-4-II

Michael K. Harder died testate on November 28, 2007. His nonintervention will left his

estate to his four children, Michael J., Janet, David, and Chris, and named his brother, Phillip,

personal representative of his estate. The superior court ordered that the estate was solvent and

would be administered without court intervention. On August 13, 2012, Phillip filed a declaration

of completion of probate, listing his personal representative fees. On the same day, he also

provided notice to the heirs. This notice informed the heirs that unless one of them petitioned the

superior court under RCW 11.68.110 to "approve the reasonableness of the fees, or for an

accounting" within 30 days of the filing, Phillip's fees would be deemed reasonable and the

declaration would be the equivalent of a final decree of distribution of the estate.[3] Clerk's Papers

(CP) at 34. No heir filed a petition within 30 days of August 13, 2012.

On September 12, 2012, Janet filed a "Notice of Mediation" in the matter of her father's

---

[3] RCW 11.68.110(3) requires the personal representative to mail a copy of the declaration of completion of probate to each heir, legatee, or devisee with notice that informs the recipients that, "[U]nless [an heir, devisee, or legatee of a decedent files a petition] requesting the court to approve the reasonableness of the [personal representative's] fees or for an accounting, or both, . . . within thirty days after the date of the filing [of the declaration of completion of probate], the acts of the personal representative will be deemed approved, the personal representative will be automatically discharged without further order of the court . . . and the Declaration of Completion of Probate will be final and deemed the equivalent of a Decree of Distribution."

No. 45098-4-II

estate, requesting that Phillip's fees be resolved by mediation under RCW 11.96A.300.[4] CP at 4. The notice did not petition or otherwise ask the superior court to take any action. The notice listed Janet's two choices for mediator, but it did not notify Phillip of the process to nominate his own proposed mediators nor how to object to mediation. The superior court took no action on this notice.[5]

Six months later, all four heirs filed a notice of arbitration as to Phillip's fees, citing RCW 11.96A.310, but again they did not ask the superior court to take any action. Phillip objected to arbitration arguing the superior court had no jurisdiction to hear the heirs' argument about the reasonableness of his fees because the heirs did not file a petition within 30 days of the date he notified them that probate had been completed. At the hearing on Phillip's objection to the arbitration, the superior court ruled that it lacked jurisdiction over the issue of the reasonableness of Phillip's fees because the heirs did not properly invoke the superior court's jurisdiction by filing a "petition" within 30 days of Phillip's declaration of completion of probate and the heirs' notice of mediation was not a petition. Chris and David appeal.

---

[4] Janet filed this notice under the Trust and Estate Dispute Resolution Act, chapter 11.96A RCW, (also known as TEDRA). The notice stated:

> Notice is hereby given the following matter shall be resolved by mediation under RCW 11.96A.300:
> OBJECTION TO FEES OF PHILLIP HARDER.
> This matter must be resolved using the mediation procedures of RCW 11.96A.300 unless the [superior court] determines otherwise upon objection for good cause shown.

CP at 4.

[5] The parties mediated without resolution.

3

ANALYSIS

We review subject matter jurisdiction rulings de novo. *In re Estate of Kordon*, 157 Wn.2d 206, 209, 137 P.3d 16 (2006). A superior court's jurisdiction over nonintervention probate proceedings is limited and depends on the "legislative scheme." *In re Estate of Bobbitt*, 60 Wn. App. 630, 632, 806 P.2d 254 (1991). After the superior court declares that a nonintervention estate is solvent, the superior court loses jurisdiction unless the executor or another person with statutorily conferred authority properly invokes it again. *In re Estate of Jones*, 152 Wn.2d 1, 9, 93 P.3d 147 (2004); *Bobbitt*, 60 Wn. App. at 632. We hold that because Janet's notice of mediation did not substantially comply with TEDRA and, even if it did, none of the heirs filed a petition under RCW 11.68.110, Chris and David did not properly invoke the superior court's jurisdiction.

I. THE HEIRS FAILED TO COMPLY WITH RCW 11.96A.300

Phillip argues that the notice of mediation failed to substantially comply with the statutory requirements of the TEDRA under RCW 11.96A.300. We agree.

Under TEDRA, a party may submit a probate matter to mediation by giving notice of mediation to all the parties in "substantially" the form set forth in RCW 11.96A.300(1)(a), which governs required notice when no hearing on the issue has been set. The notice of mediation must advise the recipient that the matters to be mediated "must be resolved using the mediation procedures of RCW 11.96A.300 *unless* a petition objecting to mediation is filed with the superior court within twenty days of service of this notice." RCW 11.96A.300(1)(a) (emphasis added). The notice must inform the recipients that if they do not file such a petition they must submit to the other parties a list of acceptable mediators within 30 days of receipt of the notice. RCW 11.96A.300(1)(a).

Substantial compliance with procedural requirements is generally sufficient because delay or loss of lawsuits should not be the result of complex procedural technicalities. *In re Saltis*, 94 Wn.2d 889, 895-96, 621 P.2d 716 (1980). A party substantially complies with procedural requirements if his or her pleading satisfies the substance essential to the statute's purpose. *Crosby v. Spokane County*, 137 Wn.2d 296, 302, 971 P.2d 32 (1999).

Here, Janet's notice of mediation did not come close to satisfying the substance essential to the statute's purpose. The notice of mediation failed to include language that advised Phillip that the matter must be resolved using the mediation procedures of RCW 11.96A.300(1)(a) unless he objected to mediation. The notice also failed to inform Phillip that he could choose to object to mediation, how to object to it, or how to nominate his proposed mediators if he did not object. The notice merely stated that the matter would be resolved through mediation "unless the [superior court] determines otherwise upon objection for good cause shown." CP at 4. The notice failed to substantially comply with the requirements for a TEDRA notice of mediation under RCW 11.96A.300(1)(a).

## II. THE HEIRS FAILED TO COMPLY WITH RCW 11.68.110

Chris and David argue that the notice of mediation must have been sufficient to invoke the superior court's jurisdiction under RCW 11.68.110 because Phillip participated in mediation. We disagree. Even if Janet's notice of mediation complied with TEDRA, the notice failed to invoke the jurisdiction of the superior court because none of the four heirs filed a petition as required under RCW 11.68.110(3).

Before probate of a nonintervention estate is closed, the personal representative must file a declaration that includes the amount of fees to be paid for his or her services. RCW

5

11.68.110(1)(g). The personal representative must also send notice to the heirs that if they wish to challenge those fees, they must petition the superior court within 30 days for an order approving the fees or for an accounting. RCW 11.68.110(2), (3). Once the declaration of completion is filed, the estate closes and the personal representative is discharged automatically "*unless* an heir . . . [petitions] the court to approve the fees or for an accounting." *In re Estate of Ardell*, 96 Wn. App. 708, 714, 980 P.2d 771 (1999).

The legislature enacted TEDRA to provide for nonjudicial dispute resolution methods for probate matters. TEDRA provisions "'shall not supersede, but shall supplement, any otherwise applicable provisions and procedures'" under Title 11 RCW. RCW 11.96A.080(2).

In *Kordon*, a party contesting a will filed a TEDRA petition but did not file a citation, as required by chapter 11.24 RCW, which governs will contests. *Kordon*, 157 Wn.2d at 208-09. Our Supreme Court held that the superior court lacked subject matter jurisdiction because the party had not filed a chapter 11.24 RCW citation and TEDRA did not affect that requirement. *Kordon*, 157 Wn.2d at 212.

The facts here are analogous. Janet filed a notice of mediation under TEDRA, but she did not comply with the requirement under RCW 11.68.110(2) by filing a petition for an accounting to challenge Phillip's fees. Chris and David now argue that the superior court's decision favored "form over substance" because the notice of mediation was the functional equivalent of a petition for an accounting. Br. of Appellant at 5. We disagree. The notice of mediation failed to petition the superior court to take any action and TEDRA does not affect the requirements in chapter 11.68 RCW. We note that reading both applicable provisions of chapters 11.68 and 11.96A RCW together, so that chapter 11.96A RCW supplements chapter 11.68 RCW, requires a party who

gives notice of mediation in order to resolve a fee dispute under chapter 11.96A RCW to also file a petition to invoke the superior court's jurisdiction under chapter 11.68 RCW. "'Plain language does not require construction.'" *Kordon*, 157 Wn.2d at 212 (quoting *State v. Wilson*, 125 Wn.2d 212, 217, 883 P.2d 320 (1994)). The superior court properly ruled that it lacked jurisdiction to review the reasonableness of Phillip's personal representative fees.

### III. ATTORNEY FEES

Phillip requests attorney fees under RCW 11.96A.150, which permits us to order one party to pay another party reasonable attorney fees in our discretion. We may consider any and all factors that we deem to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved. RCW 11.96A.150(1). Phillip argues that this appeal is meritless and wastes the estate's resources that would otherwise be distributed to the other two heirs who are not a part of this appeal. Because scant case law addresses the need to file the petition required by RCW 11.68.110 in order to invoke the superior's court's jurisdiction, we find the appeal did not lack merit. Therefore, we deny Phillip's request for attorney's fees.

We affirm.

Sutton, J.

We concur:

Worswick, P.J.

Lee, J.

7