IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | No. 34051-1-III |
| | ) | |
| KATHRYN JOYCE RATHBONE, | ) | |
| | ) | |
| Deceased, | ) | |
| | ) | |
| GLEN L. RATHBONE, | ) | |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | |
| | ) | |
| ESTATE OF KATHRYN JOYCE | ) | |
| RATHBONE, TODD RATHBONE, | ) | |
| Personal Representative, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — As provided in the will of Kathryn Joyce Rathbone, Todd

Rathbone exercised his option to purchase a specific parcel of property, the "Road K

Property," for $350,000 in lieu of Glen Rathbone inheriting it. Instead of allocating the

sale proceeds to Glen Rathbone, Todd Rathbone added the $350,000 to the residue of the

estate, which was to be divided equally between Kathryn Rathbone's three sons, Todd,

Glen, and Douglas.[1] Finding it had jurisdiction under both RCW 11.68.070 and the Trust

and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, the superior court

construed this provision in the will to mean that when Todd Rathbone elected to purchase

the property, Glen Rathbone should have received $350,000. Todd Rathbone, also the

personal representative of Kathryn Rathbone's estate, appeals the court's finding that it

had jurisdiction to hear Glen Rathbone's petition for an order construing will. We affirm.

## FACTS

Kathryn Rathbone died testate on January 31, 2013. Ms. Rathbone's

nonintervention will left her estate to her three children, Todd, Glen, and Douglas, and

named Todd as personal representative. The superior court found the estate to be solvent

and ordered it be administered without court intervention.

The provision of Kathryn Rathbone's will pertinent to this appeal, Section 4.1.3,

provides in relevant part:

> Provided that he satisfies the conditions set forth in Section 1.3.2,[2] I leave
> the Road K Property to Glen, subject however to an option in favor of Todd
> to purchase the same from my estate for the sum of $350,000 in cash, or for
> a portion of his share of the estate of equal value, paid at closing.

---

[1] Douglas Rathbone is not a party to this appeal.
[2] Section 1.3.2 of the will required Glen to sell all shares of his stock in Rathbone
Sales Incorporated to the business.

2

Clerk's Papers (CP) at 54. Section 4.1.3 continues:

> In the event Glen does not satisfy the conditions of Section 1.3.2 (for any reason, including his having predeceased me), then the Road K Property shall pass with the residue of my estate. At Todd's option, it shall be allocated to his share of the residue, provided that if at a deemed value of $350,000 it exceeds his share of the residue, he shall pay the estate the amount of such excess in cash upon conveyance of the property to him.

*Id.*

Todd Rathbone exercised his option to purchase the Road K Property, adding the $350,000 sale proceeds to the residue of the estate, which was to be divided equally among Todd, Glen, and Douglas. Glen Rathbone noted his objection to this in a letter, indicating his belief that he should receive the $350,000 in addition to his equal share of the residue. Todd Rathbone responded by letter, stating he alone had the authority to construe the terms of the will. Todd Rathbone further informed Glen Rathbone his letter came "precariously close" to a will contest in violation of the will's no-contest provision. CP at 17.

On December 23, 2014, Todd Rathbone filed a declaration of completion of probate. The notice of declaration of completion of probate informed the heirs that Todd Rathbone "[would] consider any objection to the Completion of Probate as a 'contest' of the Will." CP at 112-13. On January 20, 2015, Glen Rathbone filed a petition for order approving the reasonableness of fees and requiring an accounting based on RCW

3

11.68.110. Two days later, on January 22, Glen Rathbone filed a verified petition for order construing will under TEDRA and RCW 11.12.230. Glen Rathbone's TEDRA petition in part alleged Todd Rathbone's proposed distribution of the estate constituted self-dealing and a breach of Todd Rathbone's fiduciary duty.

After a hearing on Glen Rathbone's TEDRA petition, the superior court found it had jurisdiction under RCW 11.68.070 and TEDRA. The court further concluded Todd Rathbone's interpretation of how to allocate the proceeds from the sale of the Road K Property was inconsistent with Kathryn Rathbone's intent, finding Kathryn Rathbone intended that Glen Rathbone receive either the Road K Property or the $350,000.00 from its sale. The court also awarded Glen Rathbone a total of $15,769.21 in attorney fees and costs, to be paid by the estate. Todd Rathbone appeals.

## ANALYSIS

Todd Rathbone challenges the superior court's jurisdiction to hear Glen Rathbone's petition. This court reviews subject matter jurisdiction rulings de novo. *In re Estate of Harder*, 185 Wn. App. 378, 382, 341 P.3d 342 (2015).

A superior court has limited jurisdiction over nonintervention probate proceedings, and the extent of this jurisdiction depends entirely on statute. *Id.* Once the superior court declares a nonintervention estate solvent, it loses jurisdiction unless the executor or

4

another person with statutorily conferred authority properly invokes jurisdiction again. *Id.* Here, the superior court entered an order of solvency and Todd Rathbone did not subsequently invoke the court's jurisdiction. The question then is whether Glen Rathbone properly invoked the court's jurisdiction.

Under Washington law, an heir such as Glen Rathbone can invoke the court's jurisdiction over a nonintervention will by filing a petition to approve fees or for an accounting. RCW 11.68.065, .110. The petition must be filed within thirty days after the personal representative files a declaration of completion of probate. RCW 11.68.110. An heir may also invoke jurisdiction by claiming the personal representative failed to faithfully carry out their duties, is subject to removal, or has committed waste, embezzlement or mismanagement. RCW 11.68.070; 11.28.250.

Glen Rathbone filed a petition for an accounting under RCW 11.68.110 within thirty days after Todd Rathbone filed his declaration of completion. This was sufficient to invoke the superior court's jurisdiction. Once jurisdiction was in place, TEDRA could act as a supplement, and the trial court was enabled to assess the manner in which Todd Rathbone had allocated the proceeds from the purchase and sale of the Road K Property. While the superior court did not explicitly acknowledge it was acting under RCW 11.68.110, this is not a basis to disturb the court's ruling on appeal.

5

No. 34051-1-III
*In re Estate of Rathbone*

## ATTORNEY FEES

The parties both request an award of appellate attorney fees. We exercise our discretion not to award fees.

## CONCLUSION

The order of the superior court is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Korsmo, J.                              Siddoway, J.

6