[No. 18999.   Department One.   March 17, 1925.]

*In the Matter of the Estate of* LOVISE ANINE THOMPSEN, *Deceased.*

THORVALD M. THOMPSEN, *as Administrator, Appellant,* v. E. R. LINDSEY, *Respondent.*

*In the Matter of the Estate of* W. P. C. THOMPSEN, *Deceased.*

THORVALD M. THOMPSEN, *as Administrator, Appellant,* v. E. R. LINDSEY, *Respondent.*[1]

EXECUTORS AND ADMINISTRATORS (160)—SETTLEMENT OF ESTATE—ATTORNEY'S FEES—EXCESSIVE ALLOWANCE. An allowance of $7,500 for attorney's fees in the settlement of two estates is excessive and should be reduced, where the contract therefor provided that they should be measured by the local bar association schedule (which would have come to $4,000), with additional fees for unusual or extra services, and the extra and unusual services, of considerable moment and value, would be amply compensated by a total allowance of $4,500.

SAME (160)—ATTORNEY'S FEES—ALLOWANCE—REVIEW. The probate court's allowance of attorney's fees on the settlement of an estate is not final and conclusive in the sense that it is not subject to review on appeal.

Appeal from an order of the superior court for King county, Dykeman, J., entered June 24, 1924, fixing the

[1]Reported in 233 Pac. 941.

amount of an attorney's fees in probate proceedings. Reversed.

*Palmer & Askren,* for appellant.

*E. R. Lindsey (John M. Gleeson,* of counsel), for respondent.

BRIDGES, J.—The appellant, Thorvald M. Thompsen, for sometime past has been, and now is, the administrator of the estate of his mother, Lovise Anine Thompsen, and of his father, W. P. C. Thompsen, and during all such time the respondent has been his attorney. The estates being about ready to be closed, the court fixed respondent's compensation at $7,500, the two estates having been consolidated for this purpose. The administrator has appealed, claiming that the allowance is excessive.

The appellant and the respondent, in the first place, had an agreement whereby the Spokane bar association's fee schedule was to be taken into consideration in fixing respondent's compensation. That schedule is 5% on the first $3,000, 4% on the next $3,000, 3% on the next $6,000, 2% on the next $13,000, and 1½% on the next $50,000. It was agreed, however, that the compensation thus measured should be only for services usually performed in like estates, and that for any unusual or extra services, additional compensation should be paid. The father died in January, 1921, and the mother in September, 1923. For the most part, the two estates were separately administered, and the value of each was approximately $25,000, most of which was in cash and stocks of corporations.

If the respondent's fees were to be entirely measured by the Spokane bar association's schedule, he would be entitled to about $2,000 in both estates, but there were some unusual features and complications

in each of these estates, particularly that of the mother, which required services of the respondent which would not be performed in the ordinary estate; for example, it appears that in September, 1913, while the father and mother were residing in Denmark, they made a joint will and that it was admitted to probate in Denmark. There appears also to have been another joint will made by them in Denmark and dated July 26, 1916. After the father's death, the mother, while residing in Seattle, made a separate will, dated August 3, 1923, whereby she appears to have given her property to three trustees, the trust fund to be disposed of in a certain designated manner, and appointed three persons as trustees under, and executors of, her will. It also appears that the father and mother for a considerable time resided in Japan, during which much of the property was accumulated.

Respondent contends (and doubtless correctly) that he was required to determine what effect, if any, the two joint wills made in Denmark would have upon the estates, and what effect the residence of the deceased in Denmark and Japan, where most of the property was accumulated, would have upon the property in this state. These questions could easily be troublesome. Before the respondent became connected with the matters involved here, the 1923 will of Mrs. Thompsen had been probated in King county and administrators and trustees appointed, who proceeded to the execution of that will. The appellant, with the assistance of respondent, instituted suit to contest the 1923 will. Considerable work was done in this connection, but before trial the appellant, with the assistance of his attorney, made a settlement with all persons interested in the estate, including those who might claim any interest under the joint wills made in Denmark. Con-

siderable sums were paid for this purpose. As a result of that settlement, the appellant was appointed administrator of the 1923 will of his mother and the former administrators and trustees resigned and surrendered to him all the property in their hands. From this time on there were but few complications in either of the estates and they were carried along in the usual manner.

The extra services which we have mentioned were of considerable moment and value to the appellant. He was the only child of the deceased persons. A settlement having been made with all other interested persons, he became the sole administrator and beneficiary of the estates of his father and mother. There were some other unusual features, but they were relatively small and we do not consider it necessary to specifically mention them. It will serve no useful purpose to make a further detailed statement of the services performed by the respondent. Suffice it to say that we have very carefully gone over the record, and while we recognize the complications respondent had to deal with, we feel the compensation allowed by the trial court was too much and that $4,500 would be an ample allowance.

Respondent makes some contention that the allowance made by the trial court is final and binding upon the parties, because it was agreed between them that the fee should be fixed by the "court hearing the matter." We cannot accept this argument. Our probate code provides that "in all cases where it is necessary for such executor or administrator to employ an attorney, such attorney shall be allowed such compensation as to the court seems just and reasonable." The action of the trial court in fixing the compensation of the respondent is not different from its action in any

other respect in connection with the estate and is not final in the sense that it may not be reviewed by this court. This is not a case where the parties agree to submit a dispute to arbitration the decision in which shall be final. There might be a serious question whether the trial court or this court could be bound by any agreement which an administrator or executor might make concerning compensation to his attorney.

Respondent also argues that the trial court must necessarily be better acquainted with the nature of the services performed by him than this court can be and that the record here cannot show the exact nature of those services. But the record that has been brought here is very complete and it seems to us that we are in as good a position as the trial court to determine what is a reasonable compensation.

The judgment is reversed, and the cause remanded with direction to fix respondent's compensation in the two estates at the sum mentioned.

TOLMAN, C. J., PARKER, and MAIN, JJ., concur.