

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE MAR 1 5 2018
Fairhurst, CJ
CHIEF JUSTICE

This opinion was filed for record

at _8:00 am_ on _March 15, 2018_

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of )<br><br>KATHRYN JOYCE RATHBONE, )<br><br>Deceased. )<br><br>GLEN L. RATHBONE, )<br><br>Respondent, )<br>v. )<br><br>ESTATE OF KATHRYN JOYCE )<br>RATHBONE, TODD RATHBONE, )<br>Personal Representative, )<br><br>Petitioner. )<br> ) | No. 94356-7<br><br>En Banc<br><br><br><br><br><br><br><br><br>Filed ___MAR 1 5 2018___ |

JOHNSON, J.—This case involves the issue of whether and to what extent superior courts have authority to intervene in the administration of nonintervention estates. Todd Rathbone was named personal representative of his mother's estate

in her nonintervention will. Glen Rathbone, Todd's[1] brother and beneficiary of the will, took issue with Todd's administration of the estate and filed a petition requesting an accountancy under RCW 11.68.110. He then filed an action under chapter 11.96A RCW, the Trust and Estate Dispute Resolution Act (TEDRA), requesting the trial court construe the will in his favor. The trial court held it had the authority to construe the will under RCW 11.68.070 and, in the alternative, TEDRA itself gave the trial court authority to construe the will. The court ruled in favor of Glen's construction of the will and overrode the interpretation of Todd, the personal representative. The Court of Appeals affirmed that the trial court had authority to construe the will but on the separate basis that Glen had invoked authority under RCW 11.68.110 when he filed his petition for an accounting. We reverse and hold that the statutory provisions under TEDRA did not give the trial court authority to construe the will in this case. We also hold that the authority invoked under the nonintervention statutes, such as RCW 11.68.110 and .070, is limited to resolving issues provided under each statute.

## FACTS

Kathryn Joyce Rathbone died on January 31, 2013. She named her three sons, Glen, Todd, and Douglas Rathbone, as residuary beneficiaries in her

---

[1] For clarity, we shall refer to each of the brothers by first name; no disrespect is intended.

nonintervention will. The will was admitted to probate, and Todd was designated as personal representative of the estate per the will's instructions. Grant County Superior Court found the estate solvent and ordered it to be administered without court intervention.

The will contained a broadly worded no contest provision stating the following:

> 5.4 <u>NO CONTEST PROVISION</u>. My Personal Representative and Trustee shall have the authority to construe this Will and trusts and to resolve all matters pertaining to disputed issues or controverted claims. I do not want to burden my Estate or any trust with the cost of a litigated proceeding to resolve questions of law or fact.
>
> . . . .
>
> . . . [A]ny person, agency or organization who has, or who may have, a present, future, or contingent interest in this Will or any trust set forth herein or in the trust property, will by his contest (i.e., a contest, dispute or other legal proceeding commenced without the consent of my Personal Representative or Trustee) forfeit any interest which he, his issue has or may have. My Estate shall be distributed and any trust will continue thereafter as if the person, agency, or organization were deceased or dissolved. I specifically desire that my son, Glen, and his children, do not contest, challenge, or harass my Personal Representative and Trustees.

Clerk's Papers (CP) at 58-59.

The section of the will sparking this case deals with a piece of property in Moses Lake, Washington (Road K Property). The section reads as follows:

> 4.1.3 <u>Real Property – Road K NE</u>. I own approximately 1.88 acres of land which includes a home at 4982 Road K NE, Moses Lake, Washington. In addition, there is a[] contiguous parcel of pasture with a barn, which is approximately 38 acres. These two

parcels together shall be referred to herein as the Road K Property. Provided that he satisfies the conditions set forth in Section 1.3.2,[2] I leave the Road K Property to Glen, subject however to an option in favor of Todd to purchase the same from my estate for the sum of $350,000 in cash, or for a portion of his share of the estate of equal value, paid at closing. Said option must be exercised no later than nine months after the date of my death, and the resulting purchase closed, no later than twenty four months after the date of my death.

CP at 54.

Todd exercised his option to purchase the Road K Property and paid $350,000 to the estate. The will instructed the residue be divided evenly between the three brothers. On December 23, 2014, Todd filed a declaration of completion of probate with the court. He notified the beneficiaries he had submitted the declaration of completion of probate and informed them they could petition the court to determine the reasonableness of the proposed fees or for an accounting within 30 days of the filing of the declaration of completion of probate.

On January 20, 2015, under a separate cause number, Glen filed a petition under RCW 11.68.110 to obtain court approval of fees and order an accounting. Two days later, Glen filed a petition for order construing will under TEDRA and RCW 11.12.230, alleging Todd's distribution of the estate contradicted Ms. Rathbone's intent, constituted self-dealing, and was a breach of Todd's fiduciary

---

[2] The will conditioned Glen receiving his inheritance on his selling all of his shares of stock in the family business back to the business. It is undisputed Glen fulfilled this condition.

4

duties as personal representative. Glen argued that Ms. Rathbone intended to give him either the Road K Property or $350,000. Thus, according to Glen, Todd's decision to allocate the sale proceeds to the estate residue reduced Glen's portion of the estate.

At a hearing on Glen's petition, the superior court held it had authority under RCW 11.68.070 and TEDRA to construe the will. In the event that RCW 11.68.070 did not apply, the court held that TEDRA itself gave it authority under the plain language of RCW 11.96A.080.[3] The court granted Glen's petition for order construing will and held Glen was entitled to the $350,000 in sale proceeds from Todd's purchase of the Road K Property. The court also awarded Glen attorney fees and costs of $15,769.21 to be paid by the estate.

Todd appealed, arguing the superior court did not have authority to construe the will. The Court of Appeals affirmed, holding Glen's filing of the petition requesting approval of fees and an accounting under RCW 11.68.110 was sufficient to invoke the superior court's authority. Once that authority was invoked, TEDRA acted as a supplement to allow the superior court to construe the will. *In re Estate of Rathbone*, No. 34051-1-III, slip op. at 5 (Wash. Ct. App. Feb. 9, 2017)

---

[3] RCW 11.96A.080(1) states that "any party may have a judicial proceeding for the declaration of rights or legal relations with respect to any matter."

(unpublished), http://www.courts.wa.gov/opinions/pdf/340511_unp.pdf. The Court

of Appeals denied attorney fees and denied Todd's motion for reconsideration.

## ISSUES

(1)     Whether RCW 11.68.110 gives trial courts authority to interpret a nonintervention will.

(2)     Whether RCW 11.68.070 gives trial courts authority to interpret a nonintervention will.

(3)     Whether TEDRA (ch. 11.96A RCW) independently gives trial courts authority to interpret a nonintervention will.

## ANALYSIS

This case concerns issues of statutory interpretation, which we review de

novo. *Anderson v. Dussault*, 181 Wn.2d 360, 368, 333 P.3d 395 (2014) (citing

*State v. J.P.*, 149 Wn.2d 444, 449-50, 69 P.3d 318 (2003)). "All courts and others

concerned in the execution of last wills shall have due regard to the direction of the

will, and the true intent and meaning of the testator, in all matters brought before

them." RCW 11.12.230. Because this case involves a nonintervention will, respect

for Ms. Rathbone's wish that a court not be involved in the administration of her

estate must frame our analysis.

Ms. Rathbone gave Todd nonintervention powers and authority to construe

the will and resolve all matters pertaining to disputed issues or controverted claims.

The will provision in dispute in this case gave Todd the option to purchase the

Road K Property "from [Ms. Rathbone's] estate for the sum of $350,000." CP at 54. Todd exercised his option and paid $350,000 to the estate as the will instructed. The trial court found that Ms. Rathbone's intent was that Glen would receive the $350,000 if Todd elected to purchase the Road K Property and instructed Todd to construe the will in accordance with its findings, thus disagreeing with his construction of the will.

The issue is whether a statute establishes authority for a trial court to interpret a will's language overruling a personal representative's interpretation, as the trial court did in this case. Between the Court of Appeals' decision and the trial court's decision, we are asked to determine the extent of a trial court's authority under three statutes: (1) authority under RCW 11.68.110, (2) authority under RCW 11.68.070, and (3) authority under TEDRA (ch. 11.96A RCW).

Generally, a superior court's authority when dealing with nonintervention wills is statutorily limited. *In re Estate of Jones,* 152 Wn.2d 1, 9, 93 P.3d 147 (2004). Once a court declares a nonintervention estate solvent, the court has no role in the administration of the estate except under narrow, statutorily created exceptions that give courts limited authority to intervene. The court can regain this

7

limited authority only if the executor or another person with statutorily conferred authority properly invokes it.[4]

The first issue is the extent of a trial court's authority under RCW 11.68.110. The superior court's authority may be invoked under this section by petitioning the court for an approval of fees and/or an accounting.[5] RCW 11.68.110(2). Glen filed a petition under this statute separate from and before he filed his TEDRA petition. RCW 11.68.110(2) provides:

> [U]nless an heir, devisee, or legatee of a decedent petitions the court either for an order requiring the personal representative to obtain court approval of the amount of fees paid or to be paid to the personal representative, lawyers, appraisers, or accountants, or for an order requiring an accounting, or both, within thirty days from the date of filing a declaration of completion of probate, the personal representative will be automatically discharged without further order of the court and the representative's powers will cease thirty days after the filing of the declaration of completion of probate, and the declaration of completion of probate shall, at that time, be the equivalent of the entry of a decree of distribution in accordance with chapter 11.76 RCW for all legal intents and purposes.

---

[4] Although our cases refer to a court's power to act in nonintervention probates as "jurisdiction," they are referring to the statutory grant of "authority" to decide the issue addressed in that particular statute. In this sense, the terms "jurisdiction" and "authority" are synonymous.

[5] Todd argues the accounting permitted by RCW 11.68.110 is an accounting only of the fees paid to the personal representative or lawyers involved in the administration of the estate. The trial court did not rule on this issue, and neither do we; this question is not directly relevant to the issue before us.

This section plays a limited role in the estate administrative process in that it does not come into play, as in this case, until the estate administrative process is completed.

The Court of Appeals held that Glen's petition under RCW 11.68.110 had invoked the trial court's authority and, once Glen invoked its authority, TEDRA acted as a supplement enabling the trial court to construe the will, or "assess the manner in which Todd Rathbone had allocated the proceeds from the purchase and sale of the Road K Property." *Rathbone*, No. 34051-1-III, slip op. at 5.

Todd argues the authority RCW 11.68.110 gives a superior court is narrow and limited to allowing the court to approve fees and order an accounting. We agree. Before the enactment of TEDRA, a request for an accounting or approval of fees under RCW 11.68.110 gave a superior court authority only over that particular issue.[6] *In re Estate of Ardell,* 96 Wn. App. 708, 716, 980 P.2d 771 (1999). In *Ardell*, a personal representative petitioned the court for approval of interim fees incurred during estate administration. The Court of Appeals noted that "[u]nlike petitions for orders regarding the settling of estate affairs, however, applications for approval or setting of fees generally invest the court with jurisdiction over that issue." *Ardell*, 96 Wn. App. at 716. The personal representative had also agreed, as

---

[6] TEDRA came into effect on January 1, 2000.

part of a settlement, to obtain court approval of attorney fees and costs incurred on behalf of the estate, and the court noted that in doing so, he had "invoked the jurisdiction of the superior court over the limited issue of fees." *Ardell*, 96 Wn. App. at 716.

After the enactment of TEDRA, we held in *Jones*, 152 Wn.2d 1, that the nonintervention statutes grant superior courts limited authority to address the specific issue through the remedy specified in that statute. In *Jones*, the petitioners invoked the court's authority under RCW 11.68.070, which gives a superior court authority to remove or restrict the powers of a personal representative with nonintervention powers in the event of misconduct. We held that the superior court's authority allowed it to decide if the personal representative had faithfully discharged his duties pursuant to that statute and under RCW 11.28.250, limiting the court's authority to resolve only the issue of misconduct under the statute. Applying the same reasoning here, we hold a superior court's authority under RCW 11.68.110 is limited to approving fees and ordering an accounting.

Glen cites *In re Estate of Harder*, 185 Wn. App. 378, 341 P.3d 342 (2015), to argue that TEDRA supplemented his RCW 11.68.110 petition in this case, but his reliance on *Harder* is misplaced. In *Harder*, a personal representative of a nonintervention estate filed a declaration of completion of probate. In response, instead of filing a petition under RCW 11.68.110, the heirs filed a "'Notice of

Mediation'" under TEDRA requesting the personal representative's fees be resolved by mediation. *Harder*, 185 Wn.2d at 381. The court held that the heirs' petition did not comply with the statutory requirements and, even if the heirs' petition complied with the requirements under TEDRA, the court did not have authority to hear the petition because the heirs had not filed an RCW 11.68.110 petition invoking such authority.

Unlike here, the heirs' TEDRA action in *Harder* dealt with the reasonableness of the personal representative's fees, the same issue for which an RCW 11.68.110 petition invokes a court's limited authority. *Harder* thus suggests TEDRA can act as a supplement, but only within the narrow confines of the limited authority invoked under RCW 11.68.110 or .070. We reverse the Court of Appeals and hold the trial court's authority under RCW 11.68.110 did not allow Glen to bring a TEDRA action asking the trial court to construe the will. A party may not use RCW 11.68.110 to challenge a personal representative's reasonable decisions in interpreting a will's directions.

Glen argues that that statutory reading leaves heirs powerless to take any action to require a personal representative properly administer the estate. We disagree—heirs faced with personal representative misconduct are not without recourse. Although a superior court's power to intervene in the administration of a nonintervention estate is limited, personal representatives with nonintervention

11

powers are subject to the remedies available under RCW 11.68.070. Filing a

petition under RCW 11.68.070 allows heirs to invoke a superior court's authority

to remove or restrict the powers of a personal representative for failing to comply

with his or her fiduciary duties. This limited remedy strikes a balance between

judicial supervision of personal representatives to ensure compliance with the

will's directions and the testator's intent that courts not be involved in the

administration of a nonintervention estate.

The next issue is the extent of a trial court's authority under RCW

11.68.070. RCW 11.68.070 provides:

> If any personal representative who has been granted nonintervention
> powers fails to execute his or her trust faithfully or is subject to
> removal for any reason specified in RCW 11.28.250 . . . , upon
> petition of any . . . heir . . . , such petition being supported by affidavit
> which makes a prima facie showing of cause for removal or restriction
> of powers, the court shall cite such personal representative to appear
> before it, and if, upon hearing of the petition it appears that said
> personal representative has not faithfully discharged said trust or is
> subject to removal for any reason specified in RCW 11.28.250 . . . ,
> then, in the discretion of the court the powers of the personal
> representative may be restricted or the personal representative may be
> removed and a successor appointed.

RCW 11.28.250 lists a number of reasons for a personal representative to be

removed, specifically

> [w]henever the court has reason to believe that any personal
> representative has wasted, embezzled, or mismanaged, or is about to
> waste, or embezzle the property of the estate committed to his or her

12

charge, or has committed, or is about to commit a fraud upon the estate, or is incompetent to act, or is permanently removed from the state, or has wrongfully neglected the estate, or has neglected to perform any acts as such personal representative, or for any other cause or reason which to the court appears necessary.

We have interpreted the last clause, "for any other cause or reason which to the court appears necessary," to be restricted per the ejusdem generis rule[7] to conduct similar to the other grounds of waste, embezzlement, or mismanagement listed in the statute. *Jones*, 152 Wn.2d at 10-11. "For any other cause or reason which to the court appears necessary" is not a catchall clause giving the court carte blanche to remove a personal representative.

Although the trial court found it had authority under RCW 11.68.070 to construe the will, Glen did not rely on or invoke RCW 11.68.070 in either of his petitions. He also expressly rejected reliance on RCW 11.68.070 during the hearing. While RCW 11.68.070 could provide a court with some authority to intervene to ensure a personal representative complies with his or her fiduciary duties, that is not the assertion here. Although he alleged Todd had engaged in self-dealing, Glen was not requesting the trial court remove Todd as the personal representative or restrict his powers, the specific remedies available under RCW

---

[7] The ejusdem generis rule "states that when general terms are in a sequence with specific terms, the general term is restricted to items similar to the specific terms." *Jones*, 152 Wn.2d at 11 (citing *Dean v. McFarland*, 81 Wn.2d 215, 221, 500 P.2d 1244 (1972)).

11.68.070. Instead, the essence of the dispute is interpretation of the will. Glen never petitioned the court under RCW 11.68.070, and the trial court erred in holding it had authority to construe the will under that statute.

Even if Glen had properly filed a petition alleging misconduct under RCW 11.68.070, no misconduct was found by the trial court. The will gave Todd the option "to purchase [the Road K Property] from [the] estate for the sum of $350,000" and Todd paid $350,000 to the estate. In doing so, he was following the express orders of the will. CP at 54. The trial court's interpretation of the will violated Todd's construction authority as personal representative with nonintervention powers, and, even where misconduct is proved, will construction is not a remedy available under RCW 11.68.070.

The last issue is whether TEDRA independently gives a trial court authority to construe a nonintervention will. The trial court concluded that even if RCW 11.68.070 did not apply, TEDRA itself gave the superior court authority to construe the will. We disagree.

TEDRA provides that its provisions "shall not supersede, but shall supplement, any otherwise applicable provisions and procedures contained" in Title 11 RCW. RCW 11.96A.080. This language suggests limitations, not new, freestanding procedure. We discussed this statutory language in *In re Estate of Kordon*, 157 Wn.2d 206, 137 P.3d 16 (2006). In that case, the testator's sister filed

a petition contesting a nonintervention will under TEDRA, but failed to issue a citation as required under RCW 11.24.020. The superior court dismissed the will contest for lack of authority, and the Court of Appeals affirmed. On appeal to this court, the sister argued that TEDRA eliminated the requirement of issuing a citation under RCW 11.24.020. Reviewing the statutory language, we concluded that a statute supersedes another statute by replacing it and supplements another statute by adding to it. TEDRA could not eliminate RCW 11.24.020's citation requirement without superseding it, which TEDRA explicitly does not do. In affirming the Court of Appeals, albeit on different grounds, we held the relevant TEDRA provision did not affect the citation requirement under RCW 11.24.020; before bringing a will contest action under TEDRA, the sister had to first issue the citation as required under RCW 11.24.020.

*Kordon* supports our conclusion that TEDRA does not independently give trial courts authority when there is another statute through which a beneficiary must invoke authority. Glen counters that because there is no other relevant statutory provision governing will construction, he needed only to comply with TEDRA's requirements to invoke the court's authority to hear his TEDRA petition. But the power to administer an estate and "construe" a will's directions lies with the personal representative in a nonintervention probate—not the courts.

TEDRA allows "any party" to "have a judicial proceeding for the declaration of rights or legal relations with respect to any matter," "matter" being defined broadly to include construction of wills. RCW 11.96A.080; *see* RCW 11.96A.030(2)(a)-(h). Glen relies heavily on the language of RCW 11.96A.020(1) that courts have "full and ample power" under TEDRA to administer and settle all matters concerning estates, but such an expansive construction of TEDRA would supersede, not supplement, nonintervention powers—an argument our cases have rejected. The purpose of nonintervention powers is to prevent courts from managing personal representatives' decisions regarding estate administration. Our cases and the nonintervention statutes recognize a superior court's limited involvement in the administration of nonintervention wills.

If TEDRA independently gave superior courts authority, courts could rule on any issue permitted under TEDRA, which could include any dispute over the administration of an estate. *See* RCW 11.96A.030(2). Such broad intervention by courts goes against Ms. Rathbone's intent that courts not be involved in the administration of her estate. TEDRA acts to supplement, not supplant, other statutory provisions and is not an independent basis to invoke the authority of superior courts over nonintervention wills.

The facts of this case, the provisions of this will, and the nonintervention statutes support a narrow statutory interpretation. The testator's intent here is

expressly and clearly evident. The will gave Todd, the personal representative, nonintervention powers. In addition, the will gave him authority to construe, if necessary, the provisions of the will. CP at 58 ("My Personal Representative and Trustee shall have the authority to construe this Will and trusts and to resolve all matters pertaining to disputed issues or controverted claims."). The will expressed the testator's intent that courts not be involved in the administration of her estate. CP at 58 ("I do not want to burden my Estate or any trust with the cost of a litigated proceeding to resolve questions of law or fact."). The will directed that Todd's administration of the estate not be challenged, especially by Glen. CP at 59 ("I specifically desire that my son, Glen, and his children, do not contest, challenge, or harass my Personal Representative."). The will contained a disinheritance clause revoking any bequest granted to any challenger to Todd's administration decisions. CP at 59 ("[A]ny person . . . who may have, a present, future, or contingent interest in this Will . . . will by his contest . . . forfeit any interest which he, his issue has or may have."). The will granted a purchase option to Todd to buy the property from the estate, which can be credibly read to require the payment be made to the estate. The trial court's involvement, exercise of authority, and order construing will violates much of the testator's expressed intent.

17

We reverse the Court of Appeals, vacate the trial court's order construing will, and remand with directions to dismiss.

_____

WE CONCUR:

Fairhurst, C.J.

Madsen, J.

Owens, J.

Stephens, J.

Wiggins, J.

González, J.

Yu, J.