IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of<br><br>DARRELL R. BRYANT.<br><br><br>MARIE FIELDHOUSE, in her capacity as Administrator of the Estate of Darrell R. Bryant,<br><br>            Appellant,<br><br>      v.<br><br>ROBERT J. CADRANELL II,<br><br>           Respondent. | No. 86524-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — Marie Fieldhouse, the administrator of the estate of Darrell R. Bryant (the Estate), appeals the probate court's orders awarding administrator's fees and costs to former co-administrator Robert Cadranell, including the fees of his attorney. Fieldhouse argues that the probate court erred as a matter of law in awarding fees where Cadranell struck his motion for fees and his appointment was previously determined to be void ab initio under the Trust and Estate Dispute Resolution Act (TEDRA).[1] We reverse the probate court's award of fees and costs and grant Fieldhouse's request for attorney fees on appeal.

---

[1] Ch. 11.96A RCW.

FACTS

Darrell Bryant died intestate on March 3, 2019. He was survived by his wife Marie Fieldhouse and three brothers, Kenneth Bryant, Russell Bryant, and William Bryant.[2] Fieldhouse petitioned to probate the Estate, and on August 26, 2019, the probate court appointed Fieldhouse as administrator with nonintervention powers. In December 2022, Fieldhouse moved to appoint attorney Robert Cadranell as co-administrator of the Estate. The probate court appointed Cadranell as co-administrator on January 9, 2023 and issued letters of administration on April 5, 2023. This court denied Kenneth's petition for discretionary review of the order that granted letters of administration to Cadranell.

In May 2023, Russell and Kenneth petitioned under TEDRA to void Cadranell's appointment based on multiple statutory notice violations. This was a separate cause from the probate action, although both were heard in King County Superior Court.[3] Cadranell was represented by his attorney Dennis McGlothin of Western Washington Law Group (WWLG).[4] In July, Cadranell and McGlothin separately moved in the probate court for payment of administrator's fees and attorney fees, respectively. The Bryants opposed the motions. At a hearing on July 31, the probate court initially indicated that it would grant the fee motions. A few minutes later, however, the court continued the hearing to give counsel for Russell and William additional time to prepare for oral argument.

---

[2] Because they share the same last name, we refer to the Bryants by their first names for clarity. No disrespect is intended.

[3] The probate case is 19-4-15836-8 KNT while the TEDRA case is 22-4-06712-5 KNT.

[4] Cadranell is also an attorney at WWLG. The Estate asserts that McGlothin and Cadranell are both partners in the firm.

On August 2, in an oral ruling following a hearing, the TEDRA court voided Cadranell's appointment as co-administrator of the Estate based on numerous statutory notice violations. The TEDRA court also ordered Cadranell "to deposit all estate funds that he received at any time into the registry of the court" and "to disgorge all fees and costs that he received from the estate into the registry of the court." Following the TEDRA court's oral ruling, McGlothin informed the parties that "[w]e will be striking both hearings on the motions for fees" in the probate case. A few days later, however, McGlothin changed his mind and stated that he would proceed on his motion for attorney fees. Fieldhouse joined in McGlothin's motion. On August 16, after Russell and William notified the probate court of the TEDRA court's oral ruling, McGlothin filed a "Notice Striking Hearing on Motion for Fees for Robert Cadranell, Reaffirming Hearing on Motion for fees for Dennis McGlothin."

On August 21, following a hearing, the probate court orally granted McGlothin's motion for attorney fees. On August 25, the probate court entered an order that granted McGlothin's attorney fees as an administrative expense of the Estate, reserving ruling on the amount for a later date. Although the probate court did not discuss or rule on Cadranell's stricken motion at the hearing, and although the TEDRA court had ruled that Cadranell was not entitled to any administrator's fees, the probate court also entered an order that granted Cadranell's motion and awarded him administrator's fees and costs in the amount of $20,343.50.

On September 12, the TEDRA court issued its written order that removed Cadranell as co-administrator of the Estate based on multiple statutory notice

violations. The court stated that "[n]either Ms. Fieldhouse nor Mr. Cadranell complied with the statutes that guarantee due process to the beneficiaries of the Estate" and this "jurisdictional defect" rendered Cadranell's order of appointment and order granting letters of administration "void ab initio."[5] It explained, "These orders are nullities, without legal effect, and have been such since their inception." The court further specified that Cadranell is entitled to "no hourly fees as purported Administrator" and "no costs (including the fees of his attorney)" unless Cadranell "moves for payment of costs in this matter, and establishes a legal basis for such an award." The court also awarded reasonable attorney fees and costs to Russell and Kenneth pursuant to RCW 11.96.150, with the amount of the award determined by separate order. Cadranell appealed, and this court affirmed the TEDRA court's orders, and awarded appellate attorney fees and costs to Russell and Kenneth. *In re Est. of Bryant*, No. 85931-5-I, slip op. at 12 (Wash. Ct. App. Feb. 18, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/859315.pdf.[6]

On September 19, 2023, McGlothin noted a hearing to determine the amount of his attorney fees. The Bryants opposed McGlothin's fee request. On October 10, prior to the hearing on McGlothin's motion, Fieldhouse filed an objection to McGlothin's fees and the fee request generally, and joined in the Bryants' objection to an award of fees to McGlothin on the Estate's behalf. On October 12, McGlothin e-mailed his proposed order on his attorney fee motion to

---

[5] While this is the language used by the TEDRA court, it is imprecise to the extent that its ruling that Cadranell's order of appointment was void was only true as to Russell and Kenneth because the fatal deficiency was failure to comply with the statutory notice requirements as to those two heirs. *In re Est. of Bryant*, No. 85931-5-I, slip op. at 2-4 (Wash. Ct. App. Feb. 18, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/859315.pdf.

[6] Pursuant to GR 14.1(c), we may cite unpublished opinions as necessary for reasoned decisions. *In re Est. of Bryant* is only cited here as a procedural fact to the instant appeal.

the probate court. The following day, the Bryants, joined by Fieldhouse, objected to the proposed order for failure to comply with CR 54(f)(2) and failure to serve Fieldhouse's counsel. On October 18, the Bryants objected to McGlothin's proposed order arguing that it is a "wide-ranging attack" that "addresses matters that are not under consideration" and "includes relief that is not before this [c]ourt or is otherwise inappropriate."

On October 18, the probate court issued an "unusually lengthy explanation" in its "Order Determining Amount of Attorney Fees to be Paid to Former Co-Administrator Cadranell's Attorneys," including 99 findings of fact. The probate court began by "find[ing] that the sibling heirs in this case have misused the TEDRA process in King County in an effort to obtain a more favorable ruling from a different judicial officer" by "seek[ing] what is essentially appellate review of [a] decision issued by a judge of equal authority and jurisdiction." The probate court further explained the following in its order:

> "On September 12, 2023, [the TEDRA court] entered a 23-page written order . . . that effectively reversed this [c]ourt's April 5, 2023 Order that directed the Clerk to issue Co-Administrator Cadranell Letters of Administration."

> "[T]he separate TEDRA action was filed with the primary purpose of having a court of equal jurisdiction review this [c]ourt's orders and determine their validity. Indeed, [the TEDRA court's] September 12, 2023 written Order directed the Court Clerk to cancel the Letters of Administration that this [c]ourt ordered to be issued leading to conflicting court orders."

> "[The TEDRA court's] decision significantly impacted the ongoing probate administration of this Estate and the pending proceedings which were assigned to this [c]ourt. It also effectively reversed this [c]ourt's decision to overrule Kenneth Bryant's argument that Cadranell's Appointment Order was void ab initio."

> "This Court concludes the Sibling Heirs were not entitled to statutory advance notice of Cadranell's appointment or him being issued general letters of administration. . . . Under these circumstances, his appointment was valid and his Letters of Administration were valid."

> "This Court has observed the litigiousness and tactics employed by counsel on all sides. This [c]ourt is, therefore, in the best position to evaluate the reasonableness of the fees claimed by Cadranell's attorneys to defend him from separately docketed TEDRA Petitions, motions, and discretionary review requests."

The probate court awarded McGlothin and WWLG $65,667.30 in attorney fees and also concluded that Cadranell was entitled to reasonable administrator's fees and costs. The probate court also approved payment for the $20,000 advance fee deposit Cadranell paid to accounting firm McDaniel Group and an additional $3,751 to McDaniel Group "for its work in trying to complete the still incomplete inventory and accounting." The probate court denied Fieldhouse's subsequent motion for reconsideration.

On October 27, 2023, the probate court issued an order releasing Estate funds held in the court registry to WWLG. The probate court subsequently denied Kenneth's motion for the probate court to withdraw the October 18 and 27 orders and recuse itself. On March 7, 2024, over Fieldhouse and Kenneth's opposition, the probate court awarded McGlothin an additional $31,145.75 in attorney fees and awarded Cadranell $22,951.30 in administrator's fees and costs.

Fieldhouse timely appealed.

ANALYSIS

I.    Co-Administrator's Fees and Costs

Fieldhouse argues that the probate court erred when it awarded administrator's fees to Cadranell. This is so, she contends, because Cadranell struck his fee motion and the matter was precluded from consideration by the TEDRA court's ruling.[7] She is correct.

We review the trial court's award of attorney fees in a probate matter for abuse of discretion. *In re Est. of Larson*, 103 Wn.2d 517, 521-22, 694 P.2d 1051 (1985). A trial court abuses its discretion when its decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *In re Est. of Black*, 153 Wn.2d 152, 172, 102 P.3d 796 (2004) (internal quotation marks omitted) (quoting *State v. Downing,* 151 Wn.2d 265, 272, 87 P.3d 1169 (2004)). Questions of law, including matters of statutory interpretation and conclusions of law, are reviewed de novo. *In re Est. of Jones*, 152 Wn.2d 1, 8-9, 100 P.3d 805 (2004).

### A. Cadranell's Motion for Fees was Not Before the Probate Court

---

[7] Cadranell argues in briefing that Fieldhouse waived her challenge to the probate court's findings of fact by failing to assign error to any specific finding. *See* RAP 10.3(a)(4) (requiring appellant to include "separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error"); RAP 10.3(g) ("The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto.").

However, the Rules of Appellate Procedure are to "be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands." RAP 1.2(a). But, where "the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the court is not greatly inconvenienced and the respondent is not prejudiced, there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue." *State v. Olson*, 126 Wn.2d 315, 323, 893 P.2d 629 (1995).

Here, Fieldhouse assigned error generally to the probate court's findings, and she clearly disclosed and argued the relevant issues. Cadranell identifies no prejudice arising therefrom and, in fact, was able to respond to those assignments of error in his response brief. Accordingly, we exercise our discretion to reach the merits of Fieldhouse's challenges to the probate court's findings of fact.

Cadranell argues that he properly invoked the probate court's statutory authority under RCW 11.68.110 and 11.48.210 to determine and award administrator's fees and costs when he and McGlothin so moved on July 18, 2023. He contends that once invoked, the probate court retained statutory authority over the fee issues until they were decided. But, as Fieldhouse correctly points out, the record definitively establishes that Cadranell struck his fee motion before the probate court ruled on it. Although the probate court initially stated at the July 31 hearing that it would grant Cadranell and McGlothin's fee motions, "an oral ruling 'has no final or binding effect, unless formally incorporated into the findings, conclusions, and judgment.'" *In re DeFacto Parentage & Custody of M.J.M.*, 173 Wn. App. 227, 242 n.13, 294 P.3d 746 (2013) (quoting *Ferree v. Doric Co.*, 62 Wn.2d 561, 567, 383 P.2d 900 (1963).

Shortly thereafter, the probate court vacated its oral ruling by continuing the hearing on the fee motions. Accordingly, Cadranell renoted the fee motions for August 18, 2023. Meanwhile, the TEDRA court orally granted Russell and Kenneth's petition to void Cadranell's appointment and required Cadranell to disgorge all fees and costs received from the Estate. On August 16, Cadranell filed a written notice striking his fee motion; McGlothin captioned that pleading "Notice Striking Hearing on Motion for Fees for Robert Cadranell, Reaffirming Hearing on Motion for Fees for Dennis McGlothin." The body of the document contains one substantive sentence:

> PLEASE TAKE NOTICE of the ***striking*** of the hearing on the Motion for Attorney Fees for Robert J. Cadranell and ***reaffirming*** hearing on the Motion for Attorney Fees for Dennis J. McGlothin,

both currently noted before The Honorable Veronica Galván for Monday, August 21, 2023 at 9:00AM.

Notwithstanding the plain language of both the caption and content of the notice, the probate court awarded administrator's fees to Cadranell on August 25. Cadranell later filed a declaration in the probate court acknowledging that he "struck the August 21, 2023, hearing to continue to act in good faith because [the TEDRA court] had not issued [its] written Order." Despite this admission, Cadranell claimed the motion to determine his fees was somehow "still pending" and indicated that he would "discuss resetting the hearing with the Court at the status conference on October 2, 2023." He did not do so. The probate court nevertheless found in its October 18, 2023 order that "[o]n August 21, 2023, the Court heard additional arguments regarding both Cadranell and his attorney's Motions To Approve Interim Fees" and ordered that Cadranell "was entitled to a reasonable personal representative fee." The probate court abused its discretion when it granted a stricken motion, depriving the parties of notice and an opportunity to respond.

B.    TEDRA Court's Ruling Precluded Probate Court's Fee Award

We also agree with Fieldhouse that the TEDRA court's ruling that Cadranell's appointment as co-administrator was void ab initio precluded the probate court from awarding administrator's fees and costs to him, including the associated fees of his attorney McGlothin. The TEDRA court clearly and unequivocally ruled that "Cadranell is entitled to no hourly fees as purported Administrator." The TEDRA court further ruled, "Cadranell must return all funds

- 9 -

and property he received from the Estate, or on behalf of the Estate. This includes all items of costs, including, but not limited to, *any attorney fees that he may have paid for his counsel*." (Emphasis added); *see* RCW 11.48.210 (administrator's costs include payment of fees from estate to "attorney performing services for the estate at the instance of the personal representative"). As to attorney fees, the TEDRA court specified that "Cadranell is entitled to no costs (including the fees of his attorney) unless Mr. Cadranell moves for payment of costs in this matter, and establishes a legal basis for such an award." In so ruling, the TEDRA court reserved that issue to be considered before it.

The probate court's finding that the sibling heirs of the Estate "misused the TEDRA process in King County in an effort to obtain a more favorable ruling from a different judicial officer" by "seek[ing] what is essentially appellate review of [a] decision issued by a judge of equal authority and jurisdiction" evinces a misunderstanding of the TEDRA process.

TEDRA governs the resolution of disputes involving estates. RCW 11.96A.010. TEDRA expressly authorizes an interested party to petition the trial court to remove or restrict the powers of a nonintervention personal representative for cause. RCW 11.68.070; *In re Est. of Jones*, 152 Wn.2d 1, 9-10, 93 P.3d 147 (2004). TEDRA further empowers the court to order attorney fees and other costs to be paid to any party, from any party or from the assets of an estate or trust involved in the proceedings. RCW 11.96A.150(1). A TEDRA proceeding "*must be commenced as a new action*." RCW 11.96A.090(2) (emphasis added).

Here, Russell and Kenneth properly availed themselves of this statutory process when they commenced a new action under 11.96A.090(2) seeking to remove Cadranell as co-administrator. Contrary to the probate court's characterization, this was not an improper attempt to challenge the probate court's authority. It was simply compliance with the plain language of TEDRA. However, Cadranell's attempt to put administrator fee issues before the probate court following his removal clearly exceeded the scope of the issues before the probate court.

Cadranell cites *In re Estate of Rathbone*, 190 Wn.2d 332, 344, 412 P.3d 1283 (2018) for the proposition that the probate court under RCW 11.68.110 retained its statutory authority to exercise discretion over the issue of approving fees for Cadranell and McGlothin despite the TEDRA court's ruling. His reliance is misplaced. In *Rathbone*, an heir petitioned under RCW 11.68.110 and then petitioned the probate court under TEDRA to construe the will in his favor. 190 Wn.2d at 337. Our Supreme Court held that the "power to administer an estate and 'construe' a will's directions lies with the personal representative in a nonintervention probate—not the courts." *Id.* at 345. That issue is not present here.

Cadranell also argues that Fieldhouse failed to preserve, and therefore affirmatively waived, any objections to his fee requests by joining his petition and failing to raise her objections to the probate court. He also asserts that Fieldhouse has no standing to raise objections made by interested parties who chose not to appeal the probate court's orders. But, the record shows that Fieldhouse joined

only in McGlothin's motion for attorney fees and she did so *before* the TEDRA court issued its written order that voided Cadranell's appointment ab initio, which rendered her the Estate's sole administrator. Contrary to Cadranell's claim, the record shows that Fieldhouse subsequently timely objected, and joined in the Bryants' objections to the probate court's October 18, 2023 and March 7, 2024 orders. Fieldhouse has standing to present arguments made by the sibling heirs in the proceedings now on review. *See In re Est. of Westall*, 4 Wn. App. 2d 877, 890, 423 P.3d 930 (2018) (personal representative must administer estate solely in the interest of beneficiaries).

II. Probate Court's Award of Third-Party Fees was Improper

Fieldhouse also argues that the probate court lacked jurisdiction to award fees to the McDaniel Group. We agree.

"Superior court jurisdiction over nonintervention probate is statutorily limited." *Jones*, 152 Wn.2d at 9. The court loses jurisdiction upon entry of an order of solvency, and regains jurisdiction only where an individual with statutory authority invokes it. *Id.* Here, an order of solvency was entered and Fieldhouse was granted nonintervention powers. Because the McDaniel Group was retained by Cadranell in conjunction with a separate TEDRA matter before a different judge, the probate court never had jurisdiction over the matter of its costs. Critically, there is nothing in the record before us showing that the probate court's jurisdiction over the matter was subsequently invoked. Indeed, the only mention of the McDaniel Group's fees in a court filing was a brief statement in McGlothin's third declaration supporting his motion for his own attorney fees. This filing could not arguably

invoke the probate court's jurisdiction given that Cadranell had been removed as co-administrator by then. Accordingly, the probate court further erred when it awarded fees to the McDaniel Group.

III.    Attorney Fees on Appeal

Fieldhouse and Cadranell both request attorney fees on appeal under RAP 18.1 and RCW 11.96A.150(1). RAP 18.1(a) allows a party to recover reasonable attorney fees on appeal if the party properly requests it and if applicable law grants the party the right to recover such fees. RCW 11.96A.150(1) authorizes an award of reasonable attorney fees and other costs to the prevailing party in TEDRA actions. Because the Estate is the prevailing party, we exercise our discretion to award the Estate its reasonable attorney fees on appeal subject to its compliance with RAP 18.1(d). Cadranell is not the prevailing party, so he is not entitled to attorney fees on appeal.

Reversed.

WE CONCUR: